QUAN *v.* STATE.

(Division A. May 15, 1939.)

[188 So. 568. No. 33480.]

Murphy & Wadlington, of Belzoni, Barbour & Barbour, of Yazoo City, and Thos. H. Watkins, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the
State.

**Griffith, J.**, delivered the opinion of the court.

Appellant was indicted for, and convicted of, the alleged offense of knowingly receiving stolen goods. A substantial part of the testimony upon which appellant was convicted consists, or was directly derivative, of statements or admissions made by appellant to the officers during the course of an illegal search of and upon appellant's domiciliary premises. The search was illegal because of a defect in the search warrant, and that the search was unlawful for this reason is, in effect, admitted by the state, and it is nowhere suggested that appellant consented to the search.

The evidence is sufficient to support the affirmative of the issue that the statements, admissions or confessions were freely and voluntarily made. But appellant contends that even if this were conceded, the statements, admissions, or confessions should be excluded under the general rule that evidence of knowledge obtained by officers during the course of an illegal search is inadmissible, and that, therefore, everything that the officers heard, as well as all that they saw, should be excluded.

We called for additional briefs on the precise question, and the only case found by either side which seems to us to be squarely in point is Milbourn v. State, 212 Ind. 161, 8 N. E. (2d) 985, the holding in which is adverse to appellant's contention. But instead of following all the reasoning in that case, we prefer to state our own reasons for arriving at the same conclusion.

We may concede, for the purposes of this case, (1) that everything of an inanimate or insensate nature seen, or of which knowledge is acquired by or through the use of any of the five senses by the officers or those coöperating with them, during the course of an illegal search, is barred from being received in evidence; and (2) that

any statements or conversations heard by the officers during the course of an illegal search, when the speakers were unaware of the presence of the officers or when not intended to be heard by them, are likewise barred. See Goode v. State, 158 Miss. 616, 131 So. 106. And (3) there is also barred, as a matter of course, any statement made by the accused, although intended to be heard by the officers or those coöperating with them, when such statements have been induced by any means whatever which take away or substantially detract from those statements, that which is requisite to make them free and voluntary.

But there is no such an essential connection between an illegal search—wherein the illegality consists solely in the want of a valid search warrant—and statements freely and voluntarily made to the officers during the course of that search as to bar such free and voluntary statements. Even though a search is being made, and although it be illegal because of the invalidity of the search warrant, the party whose premises are being searched may remain wholly silent, if he chose so to do. And, on the other hand, any responsible and competent person is at liberty to speak as against himself or against his own interests at any time or place or under any and all circumstances, so long as he freely and voluntarily does so.

A party, when he knows that a proposed search would be illegal, may waive the illegality and consent to the search; and when he does so he may not thereafter complain of its illegality. He may likewise consent to talk, when his consent is free and voluntary, even though it is during the course of an illegal search and although he does not know of its illegality at the time, for the reason already stated, that whether the search be legal or illegal he may choose to remain silent, and knows that he may remain silent; so that when he freely and voluntarily talks it is not an inherent product of the search,

521

but is because he has waived his right to remain silent and has consented to talk.

And if it be said that the mere fact that an illegal search is being made, regardless of the manner of the conduct thereof, puts the accused under an unlawful restraint or under a sort of illegal pressure, or surrounds him with an unlawful oppression, wherefore as a matter of legal policy any statements made by the accused should be excluded, we would have no greater reason in point of legal policy for such exclusion than in cases of such statements or confessions when made while the accused is in custody under an illegal arrest; and nearly all of the authorities are in agreement, so far as we have found, that confessions freely and voluntarily made while in custody under an unlawful arrest, are not excluded on account of the illegality of the arrest. As illustrative of the cases so holding, we may cite Gilmore v. State, 3 Okl. Cr. 434, 106 P. 801, 27 L. R. A. (N. S.), 151, and the notes thereunder.

We conclude, therefore, that the admissions were properly received in evidence, and there being no reversible error in the record as to the other matters complained of, the judgment must be affirmed.

Affirmed.