WINSTON, et al. v. STATE.

Division B.   Nov. 6, 1950.

No. 37667 (48 So. (2d) 513)

W. W. Simmons and B. A. Green, for appellants.

George H. Ethridge, Assistant Attorney General, for appellee.

**Roberds, P. J.**

Appellants were convicted of the robbery of Vernon L. Mathews.

The questions raised on this appeal may be reduced, in the final analysis, to the one contention that two supposed confessions, one by each appellant, were not freely and voluntarily made, and their admission as evidence is reversible error.

We deem it unnecessary to detail the evidence pro and con on this question of fact. All the officers who were connected with the case testified the confessions were freely made; that there were no threats, violence, hope of reward or inducements made, or held out, to defendants. Appellants said they were threatened and beaten and thereby induced to make the confessions. There was a preliminary hearing before the trial judge, in the absence of the jury, on this question, and, on this conflicting evidence, he found that the confessions were freely made. This was his province. His finding is supported by ample evidence, and, therefore, we cannot reverse him on this finding of fact.

However, there is one fact bearing upon this question which is not disputed and appellants say that, as a matter of law, this fact precludes the admissibility of the confessions. That fact is defendants were arrested and placed in jail and were never given a preliminary hearing, and the statements made by them, in the nature of confessions, were made when they were in custody and

had not had such hearing. Appellants were arrested on or about April 1, 1949, and placed in jail. Fry made his confession April 7th. It was taken down by a stenographer, and, before she had finished transcribing her notes, Fry was out on bond. However, the accuracy of the statements was duly proved. Winston made his statement May 4th. It was signed by him, and it is not shown when, or whether, Winston was let out on bond. They were both indicted and tried at the November, 1949, term of court. However, it is a fact that neither was given a preliminary trial, and this fact alone, they argue, renders the confessions inadmissible. We do not think the authorities so hold. Appellants cite and rely upon Watts v. State of Indiana, 338 U. S. 49, 69 S. Ct. 1347, 1349, 1357, 93 L. Ed. 1801, decided by the Supreme Court of the United States June 27, 1949. We do not construe the holding in that case to support the contention of appellants. It is true the Court referred to the failure to have a preliminary hearing as one fact, among many, leading the Court, under the circumstances of that case, to adjudicate the confessions were not free and voluntary. For instance, the Court, in relating other incidents and facts bearing upon coercion of the confession, said: "He (the prisoner) was kept for the first two days in solitary confinement in a cell aptly enough called 'the hole' in view of its physical conditions as described by the State's witnesses. Apart from the five night sessions, the police intermittently interrogated Watts during the day and on three days drove him around town, hours at a time, with a view to eliciting identifications and other disclosures." Further reference was made to the fact the prisoner had been without friendly or professional advice. Other circumstances and events, in addition to those herein above related and the fact of non-preliminary hearing, were set out in the opinion in that case as persuasive in bringing the Court to the conclusion that the confession was not free and voluntary. The Court did not hold the confession inadmissible merely because

it was made when accused was in custody and had not had a committal hearing.

The Mississippi Court has passed upon the identical question. In Quan v. State, 185 Miss. 513, 188 So. 568, 569, this Court said: "And if it be said that the mere fact that an illegal search is being made, regardless of the manner of the conduct thereof, puts the accused under an unlawful restraint or under a sort of illegal pressure, or surrounds him with an unlawful oppression, wherefore as a matter of legal policy any statements made by the accused should be excluded, we would have no greater reason in point of legal policy for such exclusion than in cases of such statements or confessions when made while the accused is in custody under an illegal arrest; and nearly all of the authorities are in agreement, so far as we have found, that confessions freely and voluntarily made while in custody under an unlawful arrest, are not excluded on account of the illegality of the arrest. As illustrative of the cases so holding, we may cite Gilmore v. State, 3 Okl. Cr. 434, 106 P. 801, 27 L. R. A., N.S., 151 and the notes thereunder."

In Moore v. State, 207 Miss. 140, 41 So. (2d) 368, the confession was made before preliminary hearing was had. On appeal to the Supreme Court of the United States certiorari was denied. 338 U. S. 844, 70 S. Ct. 93, 94 L. Ed.—. In the Moore case this Court used the following language: "But it is also urged that the defendant in the instant case was denied due process of law in violation of the federal Constitution, in that he was held incommunicado after the confession had been given, and that he was not taken before the proper officer without unnecessary delay for examination of his case. However, in the case of United States v. Mitchell, 322 U. S. 65, 64 S. Ct. 896, 898, 88 L. Ed. 1140, where the accused was held for eight days after his confession prior to arraignment before a committing magistrate, and where the court recognized that such an unreasonable detention was illegal, it was announced in the opinion of

the court that 'in any event, the illegality of Mitchell's detention does not retroactively change the circumstances under which he made the disclosures. These, we have seen, were not elicited through illegality. Their admission, therefore, would not be use by the Government of the fruits of wrongdoing by its officers. Being relevant, they could be excluded only as a punitive measure against unrelated wrongdoing by the police. Our duty in shaping rules of evidence relates to the propriety of admitting evidence. This power is not to be used as an indirect mode of disciplining misconduct.' " [207 Miss. 140, 41 So. (2d) 373.]

By what is here said, we do not mean to intimate that accused persons should not be granted ▆▆ ▆ prompt preliminary hearings. On the other hand, we emphatically say such hearing should be had. The law of this State positively requires that to be done. Section 2473, Code 1942; Sheffield v. Reece, 201 Miss. 133, 135, 28 So. (2d) 745. But the legality of the detention is not the question before us. We hold that the mere fact the confessions were made while appellants were in custody and before preliminary hearings were had does not render the confessions inadmissible. That is the only question in the case requiring a discussion.

Affirmed.