## CONN *v.* STATE

No. 40920 October 27, 1958 105 So. 2d 760

*Douglas Conn,* pro se, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

Douglas Conn was convicted of the crime of burglary and larceny, and, from the judgment and sentence of seven years in the state penitentiary, he appealed.

On June 12, 1957, the store building of Henry Haller, known as Sportsman's Corner, in the City of Gulfport, was burglarized, and a large number of pistols, knives, ammunition, etc. of the approximate value of $800 were taken, stolen and carried away. Shortly thereafter the defendant and another man, with tattoos on his arm and a scar on the back of his hand, claiming to Sherman Lanier of Gretna, Louisiana, that they were going out of the hardware business, sold him five pistols for $140. The next night, they returned and sold him six other pistols and some ammunition for $40. About two or three weeks thereafter, when Lanier showed these pistols to the officers from Harrison County, the serial numbers on these guns bore the same serial numbers as were on some of the firearms which had been taken from the building at the time of the burglary. Lanier testified that the defendant was one of the men who sold these pistols to him. The officers also recovered two other pistols and some holsters from Jiggs Brown, who testified that he bought these firearms from Douglas Conn.

Sheriff J. J. Wittman testified that Douglas Conn freely and voluntarily told him that he and Raymond

Reyer burglarized Sportsman's Corner, spent the rest of the night on Wolf River, drove to New Orleans and Gretna, Louisiana, the next day, and that he had sold three pistols to Jiggs Brown.

The defendant did not testify, but at one time, in arguing his case to the jury, he said: "All I ask you men of the jury to do is to be fair with me. I have done wrong in my life, I'm an ex-convict. I have been sent to the penitentiary three times. I am not bragging about it. I am very sorry for it, but I have found a belief in God and that is the reason I am standing here today, arguing with you in this case, because I am not guilty. I do want to live right."

The appellant, acting as his own counsel in his Court, has filed a brief in which as grounds for a reversal he assigns and argues two points, namely, (1) that he was not given a preliminary trial, and (2) that he was not provided counsel.

 Obviously the first ground is without merit because, according to that contention, the State would never be able to try any accused person if it developed that there had been no preliminary trial. What the appellant is perhaps trying to allude to is that his statement to Wittman should not have been admitted in evidence. The burglary occurred June 12, 1957, the indictment was returned December 5, 1957, and the trial occurred February 28, 1958. The record does not disclose just when the statement was made, but it does appear that it was freely and voluntarily made, and its admissibility was in no way challenged in the trial court. The admissibility of the evidence, not the legality of the detention, was the question before the court. Winston v. State, 209 Miss. 799, 48 So. 2d 513.

 The felony here was not a capital one. Fogle v. State, 231 Miss. 746, 97 So. 2d 645. Besides the record does not show that the defendant requested counsel.

From which it follows that the cause must be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.