NICHOLSON *v.* STATE

</div>

No. 41161            February 16, 1959            108 So. 2d 842

*Pittman & King,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was jointly indicted with Fewell Best in the Circuit Court of Perry County on a charge of grand

larceny. The indictment specifically charged the theft of two cows, the property of Otho Sellers, of the aggregate value of $50 or more. A severance was requested and granted, and the trial of the appellant resulted in his conviction, and he was sentenced to a term of five years in the State Penitentiary.

The appellant offered no proof. The State's proof showed that the owner of the cows, Otho Sellers, missed the cows on a Sunday and instituted a search for them but was unable to find them; that on the following Tuesday he went to the stock yards in Laurel, operated by Roy Jeffcoats, and there located the cows and identified them according to their particular description and by the owner's brand. Roy Jeffcoats testified that the appellant and his co-indictee, Fewell Best, brought the cows to his stock yard in a pickup truck and that he bought the cows from them, paying them approximately $125 therefor. Otho Sellers testified as to his ownership of the cows and fully identified them. The appellant and his co-indictee were thereafter arrested and placed in jail. During the week Fewell Best returned to Roy Jeffcoats the money which Jeffcoats had paid for the cows and the cows were returned to Sellers. These facts are undisputed. The proof further showed that the appellant was arrested in Wayne County and returned to Perry County where he was lodged in jail and where his co-indictee, Fewell Best, was also confined. The sheriff testified that the appellant was locked up in jail about nine o'clock on the night of his arrest and was left there until the following morning. The jail was unattended during the night. The next morning the appellant was taken to the county attorney's office where he made a full confession of the theft of the cows, which confession was reduced to writing, signed by the appellant, and witnessed by L. G. Holyfield and E. J. Ainsworth, the latter two being connected with the State Cattle Theft Bureau.

The proof showed that no promises of reward, or threats, or intimidation of any kind were brought to bear

upon the appellant before making the confession. The sheriff testified that the appellant was advised that he did not have to make a statement if he did not want to, and that he warned the appellant that any statement that he might make could be used against him.

The only contention argued by the appellant on this appeal is that the confession was induced by fear and intimidation and was, therefore, involuntary, and that the court erred in admitting the same in evidence. The affirmative proof on behalf of the State is that the confession was wholly voluntary and was not induced by any promises of reward, or hope of reward, or threats, or intimidation of any kind. The appellant says, however, that leaving him in jail alone and unattended over night and "during the hours of darkness and through the next morning before bringing him to the office of the county attorney to confess was clearly an act of coercion and intimidation", and that such intimidation rendered his confession involuntary.

It is, of course, true, as this Court has held, that "confessions induced by fear, though not aroused by spoken threats, are nevertheless involuntary, because the fear which takes away the freedom may arise solely from the conditions and circumstances surrounding the confessor." White v. State, 129 Miss. 182, 91 So. 903. Fisher v. State, 145 Miss. 116, 110 So. 361. We have never held, however, that a confession should be rejected because made under fear not produced by extraneous pressure exerted for the purpose of forcing a confession. The rule is well stated in 22 C. J. S., p. 1448, as follows:

"However, a confession should not be rejected bcause it was made under a fear produced not by extraneous pressure exerted for the purpose of forcing a confession, but from apprehension due to the situation in which accused finds himself, and the fear of injury, which will render a confession inadmissible, must be a fear which another excites to make accused confess."

■■ The fact is that the evidence does not disclose that the appellant's confession was the result of any fear caused by the situation in which the appellant found himself. It would not do to hold that the mere incarceration of an accused in jail over night would be sufficient to create such fear on the part of the accused as to render incompetent a voluntary confession which he might thereafter make. If such were the law, any confession made by an accused following his incarceration over night in jail would be rendered incompetent upon the grounds that the same was involuntary. ■■■ The proof in this case shows that the confession made by the accused was wholly voluntary and free from any promises of reward or threats or intimidation and we think that the trial court was eminently correct in ruling that the confession was admissible in evidence. ■■■ The guilt of the appellant is established by the evidence beyond every reasonable doubt, and we can find in the record no grounds which would warrant us in disturbing the judgment of conviction. The judgment of the court below is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.