274 So.2d 371 (1973)
Joe BELL
v.
STATE of Mississippi.
No. 47134.
Supreme Court of Mississippi.
February 12, 1973.
Rehearing Denied March 26, 1973.
McLemore & Ward, Greenville, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
Appellant was jointly indicted along with Danny Barnes for burglary and larceny. He was tried separately and found guilty as charged in the Circuit Court of Sharkey County and sentenced to two and one-half years in the State Penitentiary.
It was shown by the testimony that on the night of Wednesday, January 19, 1972, or in the early morning hours of Thursday, January 20, 1972, that Hood's Cash Store in Rolling Fork was burglarized. The burglary, discovered Thursday morning by an employee, was promptly reported to the local authorities.
During the course of the investigation, the officers learned that Danny Barnes was last seen on the streets of Rolling Fork between two and three o'clock in the morning of January 20. He was driving a red Ford and there was an unidentified passenger on the front seat. Upon this information alone, Danny Barnes and appellant were arrested, Bell going to the sheriff after hearing that they were looking for him, and placed in jail for investigation of the burglary. Upon being placed in jail, they were given the Miranda warnings, at which time they denied committing the burglary. The next day the appellant made a confession. He admitted being the lookout man while Danny Barnes made several trips into the store, bringing out a television and a number of other items. The alleged confession was made in the presence of the appellant's father, Reverend I.C. Bell, the sheriff, Mr. Maurice E. Phillips, and several other officers. Immediately prior to making the confession, as shown by the tape recording, the county attorney, Mr. Clements, read and explained the Miranda warnings, going over them *372 thoroughly with appellant to make sure that he understood them. Mr. Clements left the interrogation room and did not participate in the questioning of the appellant.
The appellant contends that, at the time of the confession, he was being held under an illegal arrest because the officers did not have probable cause to arrest him and place him in jail; and, further, that the confession was not voluntarily made because Sheriff Phillips, on Friday night when he was placed in jail, had called him a "nigger" and a "boy," had threatened to "beat my ass if I wouldn't confess," and offered to secure a light sentence since he had not been in trouble before. Appellant further stated that he had heard that the sheriff had hanged a colored boy in the very cell where he was confined. He had heard this "at home." He does not contend that any officer told him this story. Appellant's allegations that he was threatened by the sheriff in the presence of Deputy Sheriff McNeill and that he had been promised leniency were effectively rebutted by these officers.
The learned trial judge ruled that the confession was admissible and we agree with this determination, even though we have concluded that the arrest of appellant was illegal in that it was made without probable cause.
Appellant asserts three points in his assignments of error:
(1) The trial Court erred in overruling appellant's objection that his arrest was illegal because the arresting officers lacked "probable cause", thus making any evidence obtained by such an arrest ... inadmissible;
(2) The trial Court erred in overruling appellant's objection to the introduction in evidence of a taped confession, asserting that it was extracted from appellant involuntarily, and also after an illegal arrest; and
(3) The trial Court in allowing the Sheriff to be present and to act as an officer of the Court  when in fact the Sheriff was a material State witness, and that this constituted reversible error.
The first two assignments of error will hereinafter be discussed. However, with respect to the third assignment of error, we are of the opinion that the law in this regard is so well settled that it does not warrant further comment. Stokes v. State, 240 Miss. 453, 128 So.2d 341 (1961); Faust v. State, 221 Miss. 668, 74 So.2d 817 (1954).
Inasmuch as we have determined that the arrest and confinement of appellant were illegal since there was a lack of probable cause to make the arrest, we will discuss appellant's first and second assignments of error together. These assignments of error raise the question of whether or not a confession, freely and voluntarily made while in custody under an unlawful arrest, is inadmissible as a matter of law upon the trial of the accused. This same question was first discussed by this Court in Quan v. State, 185 Miss. 513, 188 So. 568 (1939), wherein Justice Griffith, speaking for the Court, stated:
[A]nd nearly all of the authorities are in agreement, so far as we have found, that confessions freely and voluntarily made while in custody under an unlawful arrest, are not excluded on account of the illegality of the arrest. (185 Miss. at 521, 188 So. at 569-570).
In Crouse v. State, 229 Miss. 15, 89 So.2d 919 (1956), the accused was arrested on suspicion of having stolen a truck and was placed in jail on November 9, 1955. He signed a confession on November 11, 1955, while illegally confined and a warrant for his arrest issued thereafter. The Court had this to say:
The conflict in the testimony as to whether an alleged confession is free and voluntary, including the fact the *373 confession was made while accused was under arrest and confined in jail without a warrant, are questions for decision by the trial judge on a preliminary hearing upon this question, as was done here. Mapp v. State, 148 Miss. 739, 114 So. 825; Moore v. State, 207 Miss. 140, 41 So.2d 368; Winston v. State, 209 Miss. 799, 48 So.2d 513; Quan v. State, 185 Miss. 513, 188 So. 568; Robinson v. State, 223 Miss. 70, 77 So.2d 265; Lewis v. State, 222 Miss. 140, 75 So.2d 448. (229 Miss. at 20, 89 So.2d at 921).
The Court then quoted Winston, supra, as saying:
"We hold that the mere fact the confessions were made while appellants were in custody and before preliminary hearings were had does not render the confessions inadmissible." (229 Miss. at 21, 89 So.2d at 921).
This same question was raised and discussed in the light of recent Federal Cases in United States v. Davis, 456 F.2d 1192 (10th Cir.1972), wherein Davis was convicted of the interstate transportation of a stolen vehicle. On appeal, Davis alleged that the trial court erred by admitting into evidence his oral confession to an FBI agent. The confession was made after he was illegally arrested and incarcerated by officers of the State of New Mexico. The court concluded that nothing in the New Mexico statutes justified Davis' detention. The FBI agent questioned Davis at the jail after fully informing him of his Miranda rights, at which time Davis orally confessed and was arrested by the FBI agent. That court said:
Davis contends that his confession was tainted by reason of the illegal state arrest. He relies primarily upon Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). He does not contend that his confession, per se, was involuntary.
This court, in Hollingsworth v. United States, 321 F.2d 342 (10th Cir.1963) interpreted Wong Sun, supra, directly contrary to Davis' contention here. In that case the defendant was unlawfully arrested by city police officers on a vagrancy charge. While the defendant was thus illegally detained in the custody of city officers, he was interrogated by federal officers. This court found, from the record, that the defendant's confession was given voluntarily and that "voluntariness still remains as the test of admissibility." In Brinegar v. United States, 165 F.2d 512 (10th Cir.1947), aff'd 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), we said:
"`The mere questioning of a suspect while in the custody of police officers is not prohibited either as a matter of common law or due process.' Neither will the fact that the arrest, under which the person was taken into custody, was illegal, in and of itself render a confession or an incriminating statement involuntary. The test is whether, under all of the facts and circumstances, the confession or incriminating statement was voluntarily made." 165 F.2d at 515.
Accord: United States v. Close, 349 F.2d 841 (4th Cir.1965), cert. denied, 382 U.S. 992, 86 S.Ct. 573, 15 L.Ed.2d 479 (1966); Collins v. Beto, 348 F.2d 823 (5th Cir.1965); Burke v. United States, 328 F.2d 399 (1st Cir.1964), cert. denied 379 U.S. 849, 85 S.Ct. 91, 13 L.Ed.2d 52 (1964); Bynum v. United States, 104 U.S.App.D.C. 368, 262 F.2d 465 (1958).
There are decisions from other jurisdictions upholding Davis' interpretation of Wong Sun, supra. They hold that Wong Sun stands for the rule that any "in custody" incriminating statement made to police following an unlawful arrest and detention is tainted and inadmissible. United States v. Burhannon, 388 F.2d 961 (7th Cir.1968); United States v. Klapholz, 230 F.2d 494 (2nd Cir.1956), cert. denied 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956); United *374 States v. Coleman, 322 F. Supp. 550 (E.D.Pa. 1971).
Our holdings in Hollingsworth and Brinegar have recent and substantial support. Congress enacted 18 U.S.C. § 3501(a) as part of the Omnibus Crime and Control and Safe Streets Act of 1968, P.L. 90-351. The first sentence of that section provides that:
"In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given."
"(Emphasis ours)."
This broad rule governing admissibility of confessions is followed by certain specific factors to be considered by the trial judge in relation to "all the circumstances surrounding the giving of the confession". The specific relevant factors to be considered involve criteria laid down under McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943), Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The statute expressly provides that the presence or absence of any of these factors "need not be conclusive on the issue of voluntariness of the confession". 18 U.S.C. § 3501(b).
The United States Supreme Court has not ruled on the constitutionality of these provisions. We note, however, that in a recent opinion authored by Mr. Justice White, Lego v. Twomey, Warden, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), 18 U.S.C. § 3501(a) was quoted in footnote 14. While found to be inapplicable to the state proceeding there under consideration, its provisions were nevertheless deemed "relevant to note". (456 F.2d at 1194-1195).
We, too, find it relevant to note. Certainly, no higher burden or greater restrictions should be imposed on the States by the Federal government than the government imposes upon itself.
In the case before us, the appellant was fully advised of his Miranda rights on at least two occasions. He was first advised on the night he was arrested and placed in jail, and again immediately before he gave the alleged confession at which time the county attorney meticulously went over each item with appellant to insure that he fully understood their meaning. Appellant acknowledged that he did understand them.
In this instance, the unlawful detention of appellant was a fact to be weighed by the learned trial judge along with the other testimony bearing upon whether the confession was free and voluntary.
A preliminary inquiry, out of the presence of the jury, into the voluntariness of appellant's confession was held by the trial judge who found that the confession was admissible. We are unable to say from the evidence that he was erroneous in this determination, recognizing the test to be that the voluntariness of a confession must be shown beyond a reasonable doubt.
We have not overlooked appellant's contention that "he was under great psychological pressure amounting to torture." We find this assertion wholly unsupported by the record. By appellant's own admission, he was only questioned five or ten minutes on the night he was arrested.
In considering the guilt or innocence of appellant, the jury had before it the testimony of Terry Flannagan, who was an inmate of the jail on Friday, January 21, 1972. Flannagan testified that appellant, during a conversation in the jail on that date, admitted that he (Bell) did not go into the store but that he was watching for Barnes and that Barnes got a television, a radio, and a speaker. They also had the testimony of Dorothy Redman who testified that she *375 too was an inmate of the jail on Friday, January 21, 1972, and that appellant told her that they (appellant and Barnes) broke into Hood's place and that he watched for Danny Barnes. We feel that the jury was amply justified in finding the defendant guilty.
Appellant remained in jail overnight and the next morning advised the jailer that he was ready to tell what happened. Thereafter, his father was called to be present during the confession and remained present during the recording thereof. It is interesting to note that appellant did not call his father as a witness in his own behalf. We must accept the determination of the trial judge that no threats or promises were made to the appellant as he contended, and absent these, it is hard for us to envision how remaining in jail overnight, although admittedly an undesirable predicament, could amount to "psychological pressure amounting to torture."
In the case of Nicholson v. State, 235 Miss. 273, 108 So.2d 842 (1959), where the defendant contended that leaving him alone in jail overnight was clearly an act of coercion and intimidation, thus rendering his confession involuntary, this Court stated:
It is, of course, true, as this Court has held, that "confessions induced by fear, though not aroused by spoken threats, are nevertheless involuntary, because the fear which takes away the freedom may arise solely from the conditions and circumstances surrounding the confessor." White v. State, 129 Miss. 182, 91 So. 903. Fisher v. State, 145 Miss. 116, 110 So. 361. We have never held, however, that a confession should be rejected because made under fear not produced by extraneous pressure exerted for the purpose of forcing a confession. The rule is well stated in 22 C.J.S. Criminal Law § 826 p. 1448, as follows:
"However, a confession should not be rejected because it was made under a fear produced not by extraneous pressure exerted for the purpose of forcing a confession, but from apprehension due to the situation in which accused finds himself, and the fear of injury, which will render a confession inadmissible, must be a fear which another excites to make accused confess." (235 Miss. at 276, 108 So.2d at 843).
Appellant further contends that he was placed in a cell in which he had heard that Sheriff Phillips had hanged a colored boy. This contention was not raised during the preliminary hearing on the voluntariness of the confession, but was brought out later during the trial by the defendant while testifying in his defense before the jury and after the taped confession was already in evidence. Therefore, the trial judge was not given the opportunity to take same into consideration in ruling on the confession's admissibility. Under these facts, it was not necessary for the prosecution to rebut this assertion except for what persuasive effect it might have had on the jury. Considering the verdict of guilty, the jury gave this contention little, if any, weight. However, assuming that this contention had been timely raised, it is not a circumstance which was exerted against the appellant in order to make him confess but was something that the appellant had heard at home. The appellant has never contended that Sheriff Phillips or any other officer told him that the sheriff had hanged a boy there in the jail or that they used this tale in any manner in an attempt to bring subtle pressure on appellant to make him confess. It would be an unbearable burden to require the prosecution to rebut every fantasy of the imagination that might be found in the mind of an accused.
The judgment of the circuit court is affirmed.
Affirmed.
GILLESPIE, C.J., and INZER, SUGG and BROOM, JJ., concur.