293 So.2d 336 (1974)
John C. NABORS, Jr.
v.
STATE of Mississippi.
No. 47606.
Supreme Court of Mississippi.
April 15, 1974.
Ross & Ross, Julie A. Epps, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
*337 RODGERS, Presiding Justice.
The appellant, John C. Nabors, Jr., was indicted for the crime of burglary and was tried and convicted in the Circuit Court of Grenada County, Mississippi. He was sentenced to serve a term of seven (7) years in the state penitentiary. A motion to resentence and a motion to reduce bond, as well as a motion for a new trial, were overruled by the trial judge. Notice was given to the court reporter to transcribe her notes, and a copy was filed with the circuit clerk. In the meantime, however, the defendant, without advice from his attorney, on August 7, 1972, executed an instrument in which he stated "and wishing to begin serving my time as soon as possible do hereby waive the statutory time required for me to stay in the county jail and request that I be taken immediately to the state penitentiary to start serving my time." The attorney for the defendant made no further effort to perfect an appeal.
Thereafter, on December 12, 1972, a new and different attorney for defendant filed a motion to vacate the judgment in the nature of a petition for a writ of error coram nobis. The petition alleged that the petitioner was taken to the penitentiary and was unable to consult with his attorney, and that he did not obtain a fair trial because illegal, involuntary confessions were used against him. The trial court permitted a hearing on the petition. After evidence had been heard by the trial judge, he overruled the petition to vacate and set aside the sentence and judgment; he denied a new trial; but, he permitted an appeal to the Supreme Court, and granted the petitioner bail.
The case came on for argument in this Court. The state answered the brief of the appellant and moved to dismiss the appeal upon the ground that more than forty-five (45) days had elapsed since the original judgment. This Court, however, noted that the appellant was a minor and that under the express language of Section 753, Mississippi Code 1942 Annotated (Supp. 1972) [now Mississippi Code Annotated § 11-51-5 (1972)], he had a right to perfect an appeal, inasmuch as Section 1150, Mississippi Code 1942 Annotated (1956) [now Mississippi Code Annotated § 99-35-101 (1972)] has no time limit for appeal. The transcript of the testimony in the original case is before us, as well as the testimony taken on the hearing on the petition for writ of error coram nobis.
The state has now filed its brief in reply to the original brief of appellant, and the appellant has filed additional briefs. A statement of the facts gleaned from the record is as follows.
On January 28, 1971, the appellant offered certain pieces of jewelry for sale to pawnshop operators in a Negro section of Little Rock, Arkansas. Some unknown person advised the city police that two white boys were trying to sell jewelry. They came to the scene and demanded to know where the appellant obtained the jewelry. His answer did not satisfy the police. They put handcuffs on the appellant and conveyed him to the police headquarters. Appellant testified that on the way to the police headquarters one of the policemen pulled him up to the front seat and another policeman hit him on the head. He stated that the policeman beat him with a phone book at headquarters. At that time the officers had no information that a burglary had been committed. The appellant finally confessed. The Mississippi Highway Patrol contacted the officers at Grenada, Mississippi, and learned that in truth and fact, a jewelry store in Grenada had been burglarized.
The Chief of Police of Grenada, Mississippi, went to Little Rock and brought the appellant to Grenada, where he was turned over to the county authorities. The appellant signed the second statement prepared by the officers at Grinada. The appellant testified that he signed a second confession because he had already signed a confession for the officers in Little Rock.
*338 Just a few days before trial, local counsel was employed by appellant's parents, but the attorney did not talk with the appellant until a few minutes before trial. The local attorney learned that the only witness the appellant had to an alibi was sick in bed with the mumps at Little Rock, Arkansas. He did not, however, bring this information to the attention of the circuit judge.
The appellant now contends that he did not get a fair trial because (1) he did not receive adequate assistance from counsel; (2) the confessions were obtained as a result of an illegal arrest; (3) the state failed to rebut the inference that the confessions were illegally obtained by offering all the officers present at the time the confessions were obtained; (4) the jewelry was not properly identified; and (5) the trial court erred in not granting the appellant a proffered instruction.
In view of the holding in this case, it is not necessary for us to discuss the first contention above mentioned.
An examination of the record has convinced us that the mere illegal detention of the appellant by the Little Rock officers is not sufficient to prevent the introduction of the confession of the appellant, provided, of course, that the confession was voluntarily given. Whether or not the confession was voluntary will depend on whether or not the appellant was given all of his constitutional rights.
We think this issue was laid to rest in Bell v. State, 274 So.2d 371 (Miss. 1973). This Court cited many cases from this state and from federal opinions wherein it is held that the mere fact that the confessions were made while appellants were in custody and before a preliminary hearing was had, does not render the confessions inadmissible in evidence. There are cases to the contrary, but we follow what is currently the majority view on this issue.
The next issue (No. 3), however, is more serious and, in our judgment, requires a reversal of this case. This is what occurred: Mr. Harold Daniels, a detective for the police in Little Rock, Arkansas, testified that he and Detective Sargeant Bear took the confession of appellant at about 3 P.M. He said all the appellant's constitutional rights were given him. Detective Daniels testified as follows:
"Q. Now do you deny that you all ever hit him on the ear or head or anything?
A. I do deny that.
Q. On the way to the jail is it a fact that you rode in the back seat with him and Sgt. Bear was in the front seat driving?
Q. No, sir. I rode in the front seat. Sgt. Bear was in the back.
Q. Well, if Sgt. Bear was in the back do you know whether or not he hit him on the way to the jail?
A. I didn't see him."
After the officer from Arkansas testified, the defendant testified that the officer in the back seat of the car hit him, and that later they beat him with a telephone book. The state did not offer either of the Arkansas officers an opportunity to deny this statement.
The state has the burden to show that the confession was made voluntarily and in order to do so, it is necessary to show the surrounding circumstances leading up to the confession. Stevens v. State, 228 So.2d 888 (Miss. 1969); Harvey v. State, 207 So.2d 108 (Miss. 1968); Lee v. State, 236 Miss. 716, 112 So.2d 254 (Miss. 1959); Johnson v. State, 107 Miss. 196, 65 So. 218 (1914).
Here a prisoner denies the voluntariness of the confession, it is necessary for the officers present at the time to testify or that good cause must be shown as to why the officers are not available, so that *339 it may be determined that none of the officers intimidated the prisoner or offered him reward in order to get him to confess. Stevens v. State, supra; Williams v. State, 220 So.2d 325 (Miss. 1969); Agee v. State, 185 So.2d 671 (Miss. 1966); Lee v. State, supra.
If Detective Daniels did not know whether or not others beat the appellant, the state did not meet its burden to show that the confession was voluntary; therefore, this case must be reversed.
The defendant denied that the second confession offered by the state was voluntary because he said he had already signed the statement in Arkansas, and because he did not want any more whippings.
This Court has pointed out that unless the unlawful influences which caused a previous involuntary confession are removed before a second confession is made, there is a presumption that the unlawful influence continued in operation at the time of the second confession. Brunson v. State, 264 So.2d 817 (Miss. 1972); Simon v. State, 37 Miss. 288 (1858).
Whether or not the first or the second confession is admissible in evidence is a question for the trial judge after the state has offered the testimony of all the officers involved, as well as the defendant. We will express no opinion on this issue until the whole facts are before us.
It is not necessary for us to discuss the question of the identity of the alleged stolen articles since this matter may be corrected upon a retrial of this case. We would point out, however, that the identity of the stolen jewelry cannot be established by hearsay evidence. The admissibility of the jewelry may be a question for the trial court when properly raised. Thompson v. State, 206 So.2d 195 (Miss. 1968); Clay v. State, 184 So.2d 403 (Miss. 1966).
The appellant complains that he should have been given the following jury instruction:
"The court instructs the jury for the defendant, that it is just as much your duty under the law and upon your oaths to turn an innocent man loose by your verdict of `not guilty' as it is for you to convict a guilty one."
This instruction has been granted by some trial judges, but it has not been approved by this Court, and we hold that it was not error to deny it, especially since the other instructions fully covered the issues involved.
For the reasons above set out, we reverse the judgment of the trial court and remand the case for a new trial.
Reversed and remanded.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.