SUGG, Justice:
James Rollins was convicted in the Circuit Court of the First Judicial District of Chickasaw. County of burglary and was sentenced to serve a term of 7 years in the Mississippi State Penitentiary. The State’s case consisted of the defendant’s written confession, proof that the confession was made voluntarily after the Miranda[1] warning was given and the testimony of Wayne Ernest that his grocery store had been burglarized on November 29, 1972.
The defendant was arrested in December, 1972, and incarcerated in the Lee County jail .in Tupelo. While in the Lee County jail Rollins made statements implicating himself in the burglary of the Ernest Grocery. The defendant was moved to the Chickasaw County jail where he signed a written confession on December 19, 1972. Rollins challenged the voluntariness of this confession in January, 1973 at a habeas corpus hearing, thus putting the State on notice of his contention about the confession before his trial in April, 1973. The trial court admitted the confession into evidence, over the defendant’s objec *146 tion, and it is to the issue of the voluntariness of the confession that this Court will address itself.
The State produced three witnesses to show that the defendant’s written confession, given in Chickasaw County, was voluntary. A Mississippi Highway Patrol Investigative Officer, the Chickasaw County Attorney and the Sheriff of Chickasaw County all testified that the defendant was warned of his rights, executed a waiver thereof, that no threats, violence or coercion were used, and that no inducements, rewards or promise of immunity were offered in order to obtain the confession. The defendant Rollins admitted that, although no promises'of immunity or leniency were made and no threats, coercion or violence were used by the Chickasaw County officers in obtaining his confession, he signed the confession because of the first confession made by him in Lee County.
Defendant contends that the Lee County confession was involuntary for-the following reasons: (1) The Lee County Sheriff, Robert Herron, told him in the presence of a Lee County Deputy Sheriff named Bo-gard, that he was going to the pen and that if he cooperated it might mean the difference in three or four years in his sentence; and (2) Mitchell McQuirter, a Lee County Constable, informed Rollins that if he signed a statement there was a 90% chance that some women, with whom Rollins had been arrested, would be' set free. The Lee County confession was not offered in evidence and the State did not produce any of the Lee County officers.
Nabors v. State, 293 So.2d 336 (Miss.1974) closely parallels the instant case. In Nabors defendant signed a confession in Arkansas and a second confession in Mississippi. The Court, after reviewing applicable cases, held that the question of the admissibility of the first or the second confession was a question for the trial judge after the State had offered the testimony of all the officers involved in both confessions.
Although the Lee County confession of defendant was not offered in evidence, since defendant claimed the second confession was the result of the Lee County confession it was necessary for the officers present at the time of the Lee County confession and the officers who made statements attributed to them by the defendant testify to the facts surrounding the Lee County confession, or good cause shown why such officers were not available so that the Court might determine whether any of the officers promised him a lesser sentence or the release of the women arrested with the defendant in order to get him to confess. Nabors, supra.
This procedure is required because under the rule announced in Peter v. State, 12 Miss. (4 Smedes & Marshall) 31 (1844) there is a presumption of law that a confession obtained by the influence of a threat or a promise, once made, continues to operate unless it is shown that a subsequent confession was not made under the influence of the previous threats or promise. This rule has been followed by this Court since 1844. See State v. Fabian, 263 So.2d 773 (Miss.1972) and authorities cited therein.
We hold that, under the circumstances of this case, it was the State’s burden to show not only that the Chickasaw County confession was voluntary but also that the prior Lee County confession was similarly voluntary. On retrial if it should appear that the Lee County statement was not given after the Miranda warning and was not voluntary the Court may then determine whether or not the Chickasaw County confession was free and clear of influences and inducements that might taint the Lee County confession. Fabian, supra.
Defendant also contends that the Lee County confession was involuntary because he was threatened by Herbert Ray, *147 one of the coindictees. The evidence is wholly insufficient to support this contention of the defendant.
.We have carefully noted the other two assignments of error and find that they are without merit.
We therefore reverse and remand and on retrial if the Chickasaw County confession is introduced the Lee County officers must be tendered as witnesses or good cause shown why they are not available.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, SMITH and BROOM, TJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed .2d 694 (1966).