GILLESPIE, Chief Justice, for the Court:
Nickie R. Dickens was indicated for the murder of Mavis Dickens and upon trial in the Circuit Court of Itawamba County, was convicted and sentenced to a term of life imprisonment. The facts established by the state’s evidence are as follows.
Defendant and his brother-in-law were driving around in defendant’s automobile and drinking beer. Defendant stopped at a store and bought a 22-calibre pistol. Thereafter defendant picked up Mavis *651 Dickens, who was his uncle’s wife and with whom defendant had been having an illicit affair for the past eight years. Defendant, Mavis Dickens, and defendant’s brother-in-law then drove to Bean’s Ferry where they got out of the car and walked down to the river. Mavis Dickens asked defendant for $75 to take her child, whom she said was fathered by defendant, to the fair. Defendant replied that he did not have the money. An argument ensued and defendant shot her in the back of the head, from which she died. The two men then left and defendant was subsequently arrested and charged with murder.
Defendant first raises the question whether his confession was admissible in evidence. He contends that it was not voluntary because (a) he was confined in the drunk tank from the time of his arrest until he gave the confession, and (b) that he was not taken before a magistrate for a preliminary hearing without unnecessary delay.
Defendant was arrested at approximately eleven p. m. on July 30, which was a Sunday, and the defendant was not interviewed by the sheriff until August 1, which was Tuesday. There is no explanation as to why the defendant was not interviewed on Monday, the 31st. There is nothing in the record to indicate that the presence of the defendant in that part of the jail referred to as the “drunk tank” resulted in coercion or intimidation which would invalidate the confession. The defendant himself did not contend that he was promised that he would be removed from the “drunk tank” if he confessed. Rather, he said “I was not promised, but I knew if I did [confess] I would be moved.”
In Nicholson v. State, 235 Miss. 273, 108 So.2d 842 (1959), the defendant argued that leaving him in the jail alone and unattended overnight was an act of coercion and intimidation that rendered his confession involuntary. The Court rejected this argument and stated that "[w]e have never held, however, that a confession should be rejected because made under fear not produced by extraneous pressure exerted for the purpose of forcing a confession.” 235 Miss. at 276, 108 So.2d at 843. And in Bell v. State, 274 So.2d 371 (Miss.1973), this Court stated that “[i]t would be an unbearable burden to require the prosecution to rebut every fantasy of the imagination that might be found in the mind of an accused.” 274 So.2d at 375.
At the trial the defendant did not raise the issue that he was held incommunicado and not taken before the proper officer between the time of his arrest and the time of the interview. Therefore, no record was made as to when he was taken before an officer as provided by Mississippi Code 1972 Annotated section 99-3-17.
We said in Reid v. State, 266 So.2d 21 (Miss.1972), that it is only when a confession is obtained as the result of an unreasonable delay in taking the prisoner before a magistrate for a preliminary hearing that his confession of guilt is to be excluded on that basis. The record in this case fails to establish that the delay of one day between the arrest of defendant and the giving of the confession resulted in the confession being involuntary. There is no merit in defendant’s argument on this issue.
It is also contended that the confession was not admissible because the requirements set forth in Agee v. State, 185 So.2d 671 (Miss.1966), were not met. It is argued that the typist who transcribed the confession did not testify. In Agee the Court held that all of the officers who participated in questioning the defendant must be introduced when the voluntariness of the confession is brought into question. The two officers who were present when defendant was questioned and when he signed the confession gave testimony negating any contention that the confession was not voluntary. Officer Goforth testified that he recorded the confession in long-hand and took it to a typist who transcribed it and defendant thereafter signed it. The testimony clearly indicates that the *652 person who typed the officers longhand statement was not present either when the defendant was questioned or when the statement was signed.
Finally, it is argued that the defendant was entitled to a peremptory instruction because the testimony showed no malice, intent or design to murder. Evidently this argument is based solely upon the testimony of the defendant who contended at the trial that the killing was an accident. But the testimony of defendant’s brother-in-law and the circumstances of the case clearly justified the jury in finding defendant deliberately shot Mavis Dickens. There was ample evidence to find defendant guilty.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, SMITH, WALKER and BROOM, TT., concur.