LEE *v.* STATE.

No. 41154 May 25, 1959 112 So. 2d 254

*Lawrence D. Arrington,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Dudley J. Lee, was convicted of burglary in the Circuit Court of Forrest County and sentenced to seven years in the penitentiary. He was charged with burglarizing a store in the Town of Brooklyn, Mississippi, owned by a partnership consisting of C. W. Lightsey and his son, S. E. Lightsey. The fact that someone broke into and entered the store on the night of August

31, 1958, and took from it a large quantity of merchandise was clearly established. Appellant contends that the trial court erred in permitting the State to introduce in evidence over his objections (a) two giant size boxes of Tide washing powder and (b) three oral confessions of the crime. We hold the latter was reversible error.

Lee was arrested on September 8, 1958, on a warrant from Harrison County in connection with another case. After the arrest, Deputy Sheriff Oubre searched Lee's premises and found several items of canned foods and two giant size boxes of Tide washing powder. ██ █ This is a conviction of burglary, and that crime is complete when the acts of breaking and entering with felonious intent are established. 9 Am. Jur., Burglary, Sec. 52; James v. State, 77 Miss. 370, 26 So. 929 (1899). Hence in burglary it is not necessary to make positive proof as to the identity of an article alleged to be stolen from the burglarized premises. However, where such property is offered in evidence as a circumstance to connect a defendant with the burglary, there must be sufficient evidence to warrant the jury in finding that the property is that taken from the burglarized premises. The identification of the two boxes of Tide was sufficient for them to be introduced in evidence. Cf. Bester v. State, 222 Miss. 706, 77 So. 2d 270 (1955). The evidence reflected that washing powder was taken from the store by the burglars, and that the two boxes of Tide had at one time been in the Lightsey store. This identification was made by the handwriting in which the price was marked on the boxes. After appellant was arrested, he stated to the officers that the Tide had come from McQueen's Store. His wife told an officer that everything in the house had been brought there by appellant, but she testified that she and defendant's sister had gone to Lightsey's store several days before the burglary and bought the washing powder. This was refuted by the Lightseys, and by the testimony of the younger Lightsey

that, on the date when appellant's wife said she purchased the Tide from him, he was working elsewhere. These and other circumstances justified admission into evidence of the two boxes of Tide, and made it a question for the jury as to whether they were taken from the store during the burglary.

After appellant's arrest he was taken to the jail in Harrison County. It appears that there were also pending against him certain charges in Stone County.

 Ford O'Neal, Deputy Sheriff of Stone County, testified, on preliminary hearing as to voluntariness of the confession, that on September 14, 1958, appellant made an oral confession of his guilt of the Lightsey burglary to him, Deputy Sheriff Pete Payne of Harrison County, and in the presence of Herman Landrum, an inmate of the Harrison County jail. O'Neal testified in general terms that he and Payne did not offer appellant any reward or threaten or coerce him, and the statement was voluntarily given. Defendant Lee said O'Neal and Payne took him out in the country from Wiggins several days before the alleged confession and threatened to beat him up if he didn't tell them about the crime. He saw Landrum in the jail the night after Lee was picked up. Landrum had big knots on his head, and had to be helped off and on the bed from a beating he had received. He knew the treatment Landrum had got and he was frightened. The officers, O'Neal and Payne, brought him and Landrum down for questioning. They threatened to carry them out and beat them up, and put them "in a hole" if they did not sign a statement submitted to them. Lee said he refused to sign the statement, because he was not guilty of the burglary. Landrum corroborated Lee's testimony. Lara Lee, a relative of defendant, said he went with Lawrence Arrington, attorney for defendant, to see Landrum, Lee and others in the Harrison County jail the first week-end they were in jail. He saw Landrum's beaten

physical condition, including bruises on his ears and head, which "felt like a hen nest." Arrington also testified he observed Landrum's condition at that time, but the court erroneously sustained an objection to that part of his testimony. He could state what he observed.

O'Neal did not go back on the stand on the preliminary hearing and rebut in any way the testimony of Lee, Landrum and Lara Lee. Pete Payne did not take the stand at all. The State had had a subpoena served on him, but when called, Payne did not appear.

The burden of proving the voluntariness of the confession was on the State. If there is any reasonable doubt as to whether it is free and voluntary, it must be excluded. Ellis v. State, 65 Miss. 44, 3 So. 188 (1887); Williams v. State, 72 Miss. 117, 16 So. 296 (1894); Whip v. State, 143 Miss. 757, 109 So. 697 (1926); Fisher v. State, 145 Miss. 116, 110 So. 361 (1926); Lee v. State, 137 Miss. 329, 102 So. 296 (1924).

O'Neal's evidence made a prima facie case of voluntariness. But when both Lee and Landrum testified that the alleged confession was not free and voluntary and related the circumstances to show the same, the State was then bound to put O'Neal back on the stand and deny such details if, in fact, the evidence of these two witnesses was untrue. In addition, the State should have also produced Pete Payne as a witness on the question of voluntariness and to rebut the evidence that the confession was not obtained freely and voluntarily. This procedure was clearly pointed out in Holmes v. State, 211 Miss. 436, 51 So. 2d 755 (1951). No good reason was given for the failure of Payne to testify; in fact, no reason whatever was given. In the state of this record, it cannot be adjudicated that the voluntariness of the confession has been established beyond reasonable doubt.

Moreover, the defendant's denial of having made the confession does not bar him from objecting to its

introduction in evidence, on the ground that it was not free and voluntary. Lee v. State of Mississippi, 332 U. S. 742, 68 S. Ct. 300, 92 L. Ed. 330 (1948), reversing Lee v. State, 201 Miss. 423, 29 So. 2d 211, 30 So. 2d 74 (1947); on remand from U. S. Supreme Court, 203 Miss. 264, 34 So. 2d 736 (1948).

■■ The above observations are also pertinent to the two alleged subsequent oral confessions in October and November, 1958. The influences and inducements which rendered the previous confession inadmissible, because the State has not shown it to be free and voluntary beyond a reasonable doubt, are presumed to continue in operation at the times of the subsequent confessions, since such influences were not shown by the State to have been removed or the promises or inducements to have been withdrawn. Barnes v. State, 199 Miss. 86, 23 So. 2d 405 (1945); Ladner v. State, 95 So. 2d 468 (Miss. 1957).

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Arrington,* and *Gillespie, JJ.,* concur.