228 So.2d 888 (1969)
Earnest Elmo STEVENS
v.
STATE of Mississippi.
No. 45594.
Supreme Court of Mississippi.
December 8, 1969.
Roy O. Parker, Tupelo, for appellant.
A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen. and Velia A. Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice.
The Circuit Court of Lee County convicted Earnest Elmo Stevens of burglary and sentenced him to five years in the state penitentiary, for breaking and entering an unoccupied house in Tupelo and removing several articles of antique furniture. Stevens' own admissions of guilt constituted the bulk of the evidence against him, and, on this appeal, he charges the trial court with prejudicial error in receiving those admissions into evidence over his timely objection that they were extracted involuntarily, induced principally by promises of a lighter sentence.
Stevens was arrested in Holly Springs on July 6, 1968, and was transported to Tupelo for confinement pending trial. There he yielded three separate, oral confessions. When they were offered in evidence at the trial, the court below held a preliminary hearing on the issue of voluntariness and ruled all three admissible. The question is whether the evidence adduced at the hearing on admissibility is sufficient to support a conclusion beyond *889 a reasonable doubt that the confessions were voluntary.
Stevens gave his first confession, a "partial" one, soon after his arrival in Tupelo on July 6. It is undisputed that three witnesses were present at the time: Sam Allen, a special investigator for the Tupelo Police Department; Eldridge Dalee, a Tupelo Police Detective; and Jack Price, a Tupelo policeman. Appellant alleges, and the State denies, that one other person as also present  one Jimmy Warren, an investigator for the Highway Patrol. Allen and Dalee (but not Price) testified for the state as to the voluntariness of this confession, documenting their case with a statement and waiver of Miranda rights, signed by appellant, which they said they read to him. They denied that Warren attended the interrogation at any time. Appellant, for his part, swore that Warren was there and averred that while one of the Tupelo officers was absent from the room fetching coffee, Warren promised that if he would come clean and confess, Warren would see that he received only a six-month sentence in the county jail. Appellant further said that the officers did not make clear to him that he possessed the right to court-appointed counsel not only at trial, but also during questioning; that his inquisitors refused to let him telephone for an attorney until after he confessed; and that he could not read and the waiver of rights form was not read to him.
Appellant made his second confession on the morning of July 8. Present were Allen and Dalee, who both testified that appellant's admissions were freely and voluntarily given. They produced another signed waiver of rights form. Appellant makes no contention that he was badgered or misled during this interrogation.
Appellant's third and final confession, a "corroborative" one in which he identified an item of the stolen goods, was made on the afternoon of July 8 to Allen, Earnest Joyner, Jr., a son of one of the victims of the burglary, Deputy Sheriff John Vinson, and Herbert H. Jones, of an unidentified capacity. Among the four, only Allen and Joyner (not Vinson and Jones) testified as to the voluntariness of the confession. This time no signed waiver was produced, but Allen and Joyner said that appellant was well informed of his rights. Appellant does not specifically allege that he was coerced during this interrogation.
It is appellant's position that his initial and both subsequent confessions were involuntary in that they resulted from the inducement of Jimmy Warren's alleged promise of a light sentence. He claims that he received this inducement in Tupelo on July 6, immediately prior to giving his initial, partial confession. The State denies that Warren was even present at the time. However, appellant also says that he was interrogated by Warren in Holly Springs just after his arrest. The State's chief witness, Allen, admitted that this was probably true. Appellant claims, moveover, that his initial confession was involuntary for other reasons: he was not fully advised of his right to counsel, and he was not allowed to make telephone calls until after he had confessed. He maintains that the subsequent confessions resulted from the first, defective confession and that, therefore, the infirmities of the first infect the latter.
The question of the voluntariness of a confession offered in evidence is one of law for the trial court, and the standard of proof for admissibility is proof beyond a reasonable doubt. Accordingly, the question is whether the evidence adduced by the State at the hearing without the presence of the jury fairly established beyond a reasonable doubt the voluntariness of the confession. In this jurisdiction, when the accused challenges the voluntariness of a confession offered in evidence, there is a well-settled and mandatory procedure to be followed, which was ignored in this case:
The State has the burden of proving the voluntariness of a confession. This *890 burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness * * * [W]hen, after the State has made out a prima facie case as to the voluntariness of the confession, the accused offers testimony that violence, threats of violence, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the confession was signed, or give an adequate reason for the absence of any such witness. Agee v. State, 185 So.2d 671, 673 (Miss. 1966).
Lee v. State, 236 Miss. 716, 112 So.2d 254 (1959); Holmes v. State, 211 Miss. 436, 51 So.2d 755 (1951).
Since the State did not offer, or explain its failure to offer, all officers present at the first, partial confession, or the third, corroborative confession, the voluntariness of both of which was challenged by Stevens, admission of these confessions into evidence was error.
When the accused asserts and the State's witnesses deny that a particular officer was present when a confession is given, an issue is made for determination by the trial court, i.e., to decide this subsidiary issue of whether the asserted officer was present. Sound judicial discretion includes evaluation by the court of whether the defendant's allegation that a particular officer was present is patently unreasonable, or within the range of reasonable probability. In the instant case, since one of the State's witnesses conceded that Jimmy Warren probably interrogated Stevens in Holly Springs, a short time before the first confession in Tupelo, the State should either offer Warren as a witness or make a reasonable explanation of why he cannot be produced.
Reversed and remanded.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.