BRADY, Justice:
This is an appeal from the Circuit Court of Jackson County, Mississippi, wherein the appellant, Kenny B. Rowell, was convicted and sentenced to serve a ten year sentence in the Mississippi State Penitentiary for the crime of robbery. From this sentence an appeal is taken.
The facts in this case disclose that on the night of April 16, 1969, the prosecuting witness in this cause was engaged in playing pool in the Eldorado Lounge in Pascagoula, Mississippi, with the appellant. While doing so for approximately one and one-half hours the prosecuting witness admits that he drank three cans of beer. While engaged in playing pool he met a Miss or Mrs. Joan Smith who suggested that he drive her to her place of residence. At approximately 11:45 P.M. he left the Eldorado Lounge and drove Joan Smith to the Rock-a-bye Motel. As he was preparing to get out of the car to escort her to the motel he was struck a severe blow from behind which rendered him partially unconscious. He was able, however, to identify his assailant as the appellant.
The proof shows that the appellant broke the prosecuting witness’ jaw in two places, dislocated thirteen teeth and injured him about his head and body by kicking and stomping him. His trouser pocket which held his billfold was ripped *918 from his trousers and his wallet containing approximately $185 was taken. He stumbled into the Rock-a-bye Motel seeking assistance. The police were called. Two officers came and because of his physical and bloody condition they decided that he was intoxicated and he was placed in the county jail where he remained until 10:00 o’clock the next morning. He advised the officers of his assailant and sought their help in recovering his billfold and money.
There are two issues presented by the appellant in this cause, the first being that the trial court erred in not granting a directed verdict in favor of the appellant. There is no merit in this contention. The second issue is that the trial court erred in permitting a confession which was made by the appellant to be admitted in evidence in this cause. The confession contained the following pertinent facts: The appellant admitted knowing a lady by the name of Joan Smith and that she had talked with the appellant about helping her rob the prosecuting witness. The appellant was instructed to go to the Rock-a-bye Motel and lie in wait there for her and the prosecuting witness whom she would bring there. This took place about 11:55 P.M. The appellant then caught a yellow cab and went to the Rock-a-bye Motel and waited between the buildings, and at about 12:25 P.M. Joan Smith and the prosecuting witness arrived in a car. Joan Smith told the appellant to hit the prosecuting witness, and the appellant did hit him several times repeatedly, and ripped his pants pocket off. Joan Smith got the wallet, and the appellant met her some few minutes later at the Standard Service Station at the intersection of Highway 90 and Market Street. Joan Smith arrived in a cab and picked up the appellant. She gave him $76 of the money, and the cab dropped him off at 604 Tenth Street where he spent the rest of the night.
While there are numerous cases in this state and in federal jurisdictions which deal with the cause of admissibility of a confession, the issue in this case is controlled by the decision rendered in Stevens v. State, 228 So.2d 888, 889, 890 (Miss.1969), wherein Chief Justice Ethridge stated that:
The question of the voluntariness of a confession offered in evidence is one of law for the trial court, and the standard of proof for admissibility is proof beyond a reasonable doubt. Accordingly, the question is whether the evidence adduced by the State at the hearing without the presence of the jury fairly established beyond a reasonable doubt the voluntariness of the confession. In this jurisdiction, when the accused challenges the voluntariness of a confession offered in evidence, there is a well-settled and mandatory procedure to be followed * * *.
The State has the burden of proving the voluntariness of a confession. This burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness * * * [W]hen, after the State has made out a prima facie case as to the voluntariness of the confession, the accused offers testimony that violence, threats of violence, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the confession was signed, or give an adequate reason for the absence of any such witness. Agee v. State, 185 So.2d 671, 673 (Miss.1966). (Emphasis added.)
Kenny Rowell continually stated that arresting officers told him or his father and mother that if he would sign the statement “they would try to be light on me at court.” Detective J. P. Winstead denied the statement and stated that he told Mr. Rowell, the father of Kenny Rowell, “that the only way we could clear this up clearly was me talking with the boy; and he said *919 he would certainly try to find him and see that he gave hisself up, which he did.”
Detective J. W. Johnson testified that he made no promise of leniency to Mrs. Rowell but that Mrs. Rowell had on several occasions requested that he, Detective Johnson, help the young Rowell, but he testified that he made no promises whatsoever to the mother, the father, or the boy in regard to leniency if he signed the confession.
D. E. McGinty, Chief of Police of the Pascagoula Auxiliary Police Department, testified that he heard the prerequisites set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), recited to the appellant, Kenny Rowell, and that no promise of leniency was made in his presence prior to the taking of the statement. It is significant, in spite of the fact that Preston Rowell, Appellant’s father, testified that an inducement was made by Officer J. P. Winstead, he nevertheless testified on direct examination by appellant’s attorney as follows:
Q Now, did he tell you what they would do if Kenneth would make a statement?
A He never promised anything definite, but he said, “We’ll do all we can for him.”
Q Did you believe that they would charge your son with a felony if he would come in and make a statement?
MR. BARLOW: I don’t think that question is proper, what he believes.
A I didn’t know what they would do.
All of the police officers involved in this case having testified that no offer or promise of a reward was made to the appellant or to his family, the state has met its burden of proof as to the voluntariness of the confession and the trial court properly ruled the confession to be voluntarily given and therefore valid. Stevens v. State, 228 So.2d 888 (Miss.1969); Agee v. State, 185 So.2d 671 (Miss.1966); Lee v. State, 236 Miss. 716, 112 So.2d 254 (1959); Holmes v. State, 211 Miss. 436, 51 So.2d 755 (1951).
The confession being valid, the state has amply proven a prima facie case and the verdict of the jury and the judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.