ROBERTSON, Justice:
Kersie (Kelsy) Evans was convicted in the Circuit Court of Attala County of the crime of burglary and sentenced to six years in the state penitentiary. He appeals from his conviction and sentence.
The principal question involved is whether a written confession was properly admitted into evidence.
R. C. Burt kept about $600 m currency in an old trunk in his home. On October 27, 1971, he discovered that the money was missing and reported the loss to the sheriff of Attala County.
The sheriff’s investigation disclosed that Kersie Evans had not been working recently, yet he had purchased a used car from a local car lot and had paid cash for it. The cash payment included a $100 bill. Burt had previously reported to the sheriff that there was one $100 bill in the $600 stolen from him.
Sheriff W. B. Montague sent Deputy Sheriff Ernest Lepard to Kersie Evans’ home to ask him to come by the sheriff’s office because the sheriff wanted to talk to him. In the preliminary examination to *787 determine the admissibility of the written confession, Evans testified about his arrival at the sheriff’s office :
“He took the handcuffs off of me and went on in where the Sheriff was and the Sheriff told me to sit down back there where he. was behind the desk and he told me my rights and everything and he said I could get a lawyer before I could talk to anybody and he went back over there and got him a little piece of scrap book.”
During the questioning of defendant by the sheriff, R. C. Burt also came into the room. Evans further testified about the sheriff’s questions and statements to him:
“A. About me going in the house. He said that he knowed that I had been there and he wanted me to tell him and I told him that I hadn’t went in the house and he said he ought to just reach over and get the shotgun and let R. C. have it and do what he should have done to me and I got nervous then and scared.
“Q. Who all was there when he told you that?
“A. R. C. Burt, Ernest Lepard and I and the Sheriff.”
Defense counsel asked for a subpoena instanter for Ernest Lepard at this point in the preliminary examination.
Soon after that Evans orally confessed to the sheriff, and Hugh Potts, Jr., the county prosecuting attorney, was sent for. Potts came to the courthouse, again carefully explained the accused’s rights to him, and took down in writing the accused’s detailed confession. Evans signed first a waiver of his rights, which waiver was witnessed by sheriff W. B. Montague, R. C. Burt, and Hugh Potts, Jr., and then he signed a detailed confession which was witnessed by the same three witnesses. Before Evans signed, the complete statement was read to him by Potts.
The court stated into the record that Deputy Sheriff O’Briant had attempted to serve the subpoena on Lepard but that O’Briant could not find Ernest Lepard in Attala County after diligent search and inquiry. At this point, O’Briant stated: “His dad said he was in Vicksburg working in the oil field.”
We must reverse this case because Deputy Sheriff Ernest Lepard was not produced as a witness by the state. Lepard was apparently present when defendant was allegedly threatened by the sheriff and when the oral confession was secured.
We said in Agee v. State, 18S So.2d 671 (Miss.1966):
“When objection is made to the introduction of the confession, the accused is entitled to a preliminary hearing on the question of the admissibility of the confession. This hearing is conducted in the absence of the jury. Lee v. State [236 Miss. 716, 112 So.2d 254 (1959)], is also authority for the proposition that when, after the State has made out a prima facie case as to the voluntariness of the confession, the accused offers testimony that violence, threats of violence, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the confession was signed, or give an adequate reason for the absence of any such witness. See also Holmes v. State, 211 Miss. 436, 51 So.2d 755 (1951).” 185 So.2d at 673 (Emphasis Added).
See also, Reid v. State, 266 So.2d 21 (Miss.1972); Myers v. State, 254 So.2d 891 (Miss.1971); Rowell v. State, 239 So.2d 917 ’ (Miss.1970); Stevens v. State, 228 So.2d 888 (Miss.1969); Williams v. State, 220 So.2d 325 (Miss.1969).
In view of the State’s failure to produce Lepard as a witness as to what took place in his presence, the conviction and sentence *788 must be reversed and this case remanded for a new trial.
Reversed and remanded.
RODGERS, P. J., and PATTERSON, SMITH and SUGG, JJ., concur.