SUGG, Justice,
for the Court:
Defendant was convicted of capital murder and sentenced to death by the Circuit Court of the First Judicial District of Hinds *1006 County. His conviction and sentence must be set aside under our holding in Jackson v. State, 337 So.2d 1242, decided October 5, 1976.
Defendant testified on the motion to suppress his confession that he was arrested by several officers. The only officer that he recognized was Officer Sweeney. He stated that the officers took him to jail and did not question him until he had been in jail for about thirty minutes. He stated that an officer whom he guessed to be Lt. Cumberland told him they were investigating the crime where the Seals were killed and asked him where the gun was. In response he told the officer where the gun was located. He testified that at this time he had not been advised of his rights. He also said Lt. Cumberland told him that other co-defendants had confessed and in addition, Lt. Cumberland stated: “If you tell me what happened we might be able to help you not to get the death penalty.” He was not certain Lt. Cumberland was the officer who made this statement to him, but that he confessed because he thought the officer might be able to help him.
The State’s testimony showed that the defendant was interrogated by Lt. Coulter rather than Lt. Cumberland and in the course of his testimony Lt. Coulter stated that he advised the defendant of his rights under Miranda before he questioned the defendant; that he was the only person who interrogated the defendant and defendant understood his right to remain silent, etc. On direct examination Lt. Coulter said that other officers may have been in and out of the room during the interrogation but he did not recall who they were.
Lt. Cumberland testified that, when the defendant was arrested, he told the investigator in his (Lt. Cumberland’s) presence that he had given the pistol, which was introduced in evidence, to Ricky Devine. He also stated that Investigator Coker and Investigator Ben Shearer were present when defendant made his statement about the pistol.
Investigator Coker was called as a witness but did not testify about his knowledge of defendant’s interrogation and Investigator Ben Shearer was not called as a witness. The rule in Agee v. State, 185 So.2d 671 (Miss.1966) was not followed; therefore, it was error to admit the confession in evidence. On retrial Officers Coker and Shearer should be called as witnesses and questioned about defendant’s interrogation.
REVERSED AND REMANDED FOR TRIAL IN ACCORDANCE WITH OPINION RENDERED OCTOBER 5, 1976, IN NO. 49,178, JACKSON v. STATE, 337 So.2d 1242.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.