355 So.2d 679 (1978)
Booker HICKS, Jr.
v.
STATE of Mississippi.
No. 50286.
Supreme Court of Mississippi.
March 1, 1978.
*680 Richard L. Yarbrough, Gulfport, for appellant.
A.F. Summer, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
Booker Hicks, Jr. was convicted of the capital murder of James M. Bostick under the provision of Mississippi Code Annotated section 97-3-19(2)(e) (Supp. 1974) and was sentenced to death. Because the case was tried before Jackson v. State, 337 So.2d 1242 (Miss. 1976), his conviction and sentence must be reversed and the cause retried in accordance with its terms.
It is argued on appeal that the written confession of the appellant was erroneously admitted into evidence. The testimony of the state's witness, Criminal Investigator George Payne, gives rise to this argument because it is uncontradicted. He testified with regard to the confession in part as follows:
BY MR. YARBROUGH (Defense Attorney):
Q. You did call him a liar, didn't you?
A. Yes, sir, I called him a liar.
BY MR. NECAISE (District Attorney): Did you call him a liar or did you say he was lying?
A. I said that he was lying and had been lying to us.
Q. Said he better tell the truth.
BY MR. NECAISE: Did you tell him he'd better tell the truth?
A. Yes, sir. I told him it would be better if he told the truth.
MY MR. NECAISE: What did you tell him, now  that it would be better to tell the truth or you better tell the truth?
A. I told him, sir, he was lying to us and it would be better if he would tell the truth. I told him the truth was better than lying.
BY MR. NECAISE: That's all. We don't have anything further.
This testimony, plus much additional evidence to the same effect, places grave doubt upon the voluntariness of the confession. See Miller v. State, 243 So.2d 558 (Miss. 1971); Robinson v. State, 247 Miss. 609, 157 So.2d 49 (1963); Matthews v. State, 102 Miss. 549, 59 So. 842 (1912); and Mitchell v. State, 24 So. 312 (Miss. 1898).
Moreover, although it may be doubtful that Detective Hargrove was present when the first confession was made to Investigator Payne, the record reveals that he was present during a great part of Hicks' interrogation and his testimony was not offered as it should have been. See Agee v. State, 185 So.2d 671 (Miss. 1966), and its progeny, including Curry v. State, 328 So.2d 328 (Miss. 1976); Booker v. State, 326 So.2d 791 (Miss. 1976); White v. State, 306 So.2d 299 (Miss. 1975); Younger v. State, 301 So.2d 300 (Miss. 1974); Bounds v. State, 271 So.2d 435 (Miss. 1973); Rowell v. State, 239 So.2d 917 (Miss. 1970); and Stevens v. State, 228 So.2d 888 (Miss. 1969). The mere statement by Payne that Hargrove was "at the F.B.I. Academy in Washington receiving some training," without more, does not negate his availability as a witness. Compare Curry, supra.
REVERSED AND REMANDED.
INZER and SMITH, P. JJ., ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.