360 So.2d 1244 (1978)
Billy Ray MILES
v.
STATE of Mississippi.
No. 50571.
Supreme Court of Mississippi.
July 26, 1978.
*1245 John B. Gee, Everett Verhine, Vicksburg, for appellant.
A.F. Summer, Atty. Gen., by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Billy Ray Miles was convicted of larceny in the Circuit Court of Warren County and sentenced to five (5) years. He assigns the following errors:
(1) The trial court erred in overruling appellant's motion to exclude the purported confessions of appellant.
(2) The trial court erred in overruling appellant's motion for a directed jury verdict for lack of proof of a corpus delicti.
(3) The trial court erred in overruling appellant's motion for a new, or another, trial.
Vicksburg Chemical Company uses platinum in the manufacture of agricultural chemicals. The platinum acted as a catalyst and Vicksburg kept from nine hundred (900) to one thousand (1,000) ounces in a locked strongbox chained to a table and an I-beam. On the morning of February 9, 1977, Floyd Britt, a laboratory chemist, went to the box to clean the platinum and discovered the chain had been cut and the box was missing. It weighed approximately three hundred (300) pounds. The value of the platinum was estimated at one hundred thirty-five thousand dollars ($135,000). The only person with a key to the strongbox was Bob Maraman, laboratory manager of the corporation.
Sheriff Paul Barrett investigated the theft. He interviewed appellant in Tallulah, Louisiana on February 13, in the presence of Louisiana Officer Jackie Lott. Miles admitted his participation in the crime and gave a detailed statement about it. The platinum was not recovered.
On February 14, 1977, FBI Agent Charles Shepard, along with Agent John P. Mack, interviewed appellant and he confessed participating in the crime.

I.
Did the trial court err in overruling appellant's motion to exclude the confessions given by him?
Appellant contends that he was not advised of his constitutional rights and that the confessions were improperly admitted into evidence because they were obtained as a result of promises of immunity. Sheriff Barrett testified that he advised appellant of his Miranda rights and that the confession was freely and voluntarily made without promise or hope of reward having been given to him. Officer Jackie Lott did not testify at the trial. The sheriff stated that Lott was in the State of Arkansas, and the district attorney explained to the court that he received information that Lott was on vacation in the State of Arkansas and that he would not be available for another ten (10) days or two (2) weeks. He further advised the court that he had obtained a subpoena for the officer and when the subpoena was returned, he then discovered that Lott was unavailable.
In Agee v. State, 185 So.2d 671 (Miss. 1966), the Court stated the rule that when a defendant rebuts the presumption of voluntariness of a confession after a witness for the State has testified thereto, all officers present when the confession was made must be introduced, or an adequate reason for their absence must be given.
In Hicks v. State, 355 So.2d 679 (Miss. 1978), one witness to part of the interrogation of the defendant was not present at the trial, and this Court said: "The mere statement by Payne that Hargrove was at the FBI Academy in Washington receiving some training, without more, does not negate *1246 his availability as a witness." 355 So.2d at 680.
We are of the opinion that under the facts of this case, the explanation that Officer Lott was on vacation in the State of Arkansas was not a sufficient explanation of his absence, and that the State should not have announced ready for trial until the witness was present.
The FBI agents testified that appellant was instructed as to his Miranda rights and that the confession made by him to the agents was freely and voluntarily given. However, the statement to the FBI agents does not cure the error in the original confession.

II.
Did the court err in overruling appellant's motion for a directed verdict for lack of proof of a corpus delicti?
Appellant contends that (a) there was no proof adduced which indicated that any platinum was removed from the premises of Vicksburg Chemical, (b) the evidence was based only on suspicion, and (c) the presumption of innocence was not rebutted.
The evidence indicated without dispute that the chain which secured the strongbox (containing the platinum) to a table and I-beam was cut, the officers traced and followed a path which indicated the 300-pound object was dragged out of the building across a part of the lot and onto a railroad track, where the trail was lost. Although the platinum was not recovered, there was ample proof that the crime of larceny had been committed and the corpus delicti was established. Poole v. State, 246 Miss. 442, 150 So.2d 429 (1963).
In the event the confessions of appellant are admitted in evidence on a second trial, those confessions along with the other facts of the case overwhelmingly establish the corpus delicti.
In view of the fact that the case must be reversed and remanded for a new trial, it is not necessary to discuss the failure of the trial court to grant a new trial on motion filed by appellant.
REVERSED AND REMANDED.
PATTERSON, C.J., ROBERTSON and SMITH, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.