382 So.2d 1091 (1980)
Pleas SCOTT, Jr.
v.
STATE of Mississippi.
No. 51826.
Supreme Court of Mississippi.
April 30, 1980.
Jack R. Jones, III, Greenwood, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, C.J., and LEE and BOWLING, JJ.
*1092 BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted of the crime of armed robbery in the Circuit Court of Leflore County. Several alleged assignments of error are presented on this appeal. It only is necessary to consider the first assignment as it requires the cause to be reversed and remanded for a new trial. This assignment is that the trial court erred in overruling appellant's motion to suppress certain statements and evidence resulting from those statements.
After the robbery occurred, appellant was arrested by Deputy Sheriff Charlie Cooley, who had known the appellant's family for many years. Appellant was carried to the sheriff's office and admittedly he was given full and proper Miranda rights warnings. He was interrogated on two separate occasions, Saturday, January 27, 1979, and Sunday, February 4, 1979. The alleged admissions and confessions were secured during these interrogations.
Appellant, through his attorney, filed his motion to suppress, which motion was heard on March 19, 1979. The trial was held on April 4 and 5, 1979. At the suppression hearing, the State initially offered testimony from two witnesses  Chief Deputy Sheriff Ricky Banks and Deputy Jerry Carver. Both testified sufficiently for the court to have held that the admissions and confessions of appellant were freely and voluntarily given and that there was no coercion or inducement involved.
On cross-examination Deputy Sheriff Ricky Banks testified that in addition to Deputy Cooley and Deputy Carver, Deputy Whatley was present during the January 27th interrogation. Bank's testimony revealed that appellant rode with Deputy Whatley in a patrol car to the scene where the cash register taken during the robbery was recovered. On cross-examination, Deputy Carver testified positively, definitely and unequivocably that Deputy Whatley was present during the interrogation of appellant.
The State rested after presenting the above two law enforcement officers. Appellant then testified and claimed that the chief reason for his admission or confession was that his father, Pleas Scott, Sr., was present during the interrogation and told him to go ahead and tell the truth; that Deputy Cooley had advised him to do this and in return he would try and get appellant a low bond so he could appear on a television program on Sunday. Appellant reaffirmed that Deputy Whatley was present during the interrogation.
Pleas Scott, Sr., appellant's father, testified that Deputy Charlie Cooley told him that if he would get appellant to tell the truth that it would be easier on appellant and Cooley would talk to somebody to get a reduced bond. Scott, Sr., testified that he then told his son to tell the truth based on the assurance from Cooley regarding the bond.
The only rebuttal witness called by the state was Deputy Charlie Cooley. He denied indicating to appellant or his father that it would be easier on appellant to tell the truth and that if he would do so he would get a lower bond. He denied making *1093 any promises to appellant or his father except that he would get a bond set.
No mention was ever again made of Deputy Whatley. There was no explanation made whatever as to why he did not testify at the suppression hearing. The only time his name was mentioned was when the two deputies and appellant testified at the suppression hearing that he was present.
We repeat the requirement to be met when there is a motion to suppress admissions or confessions because of alleged coercion or undue influence, as set out clearly in Miles v. State, 360 So.2d 1244 (Miss. 1978); Holt v. State, 348 So.2d 434 (Miss. 1977); and Agee v. State, 185 So.2d 671 (Miss. 1966), and other cases. The procedure required is set out clearly in Holt as follows:
1. The preliminary hearing on the question of the admissibility of a confession must be in the absence of the jury and should be conducted before the trial on the merits begins.
2. The State has the burden of proving the voluntariness of a confession. This burden is met by testimony of an officer that the confession was voluntarily made without any threats, coercion, or offer of reward. Such testimony makes out a prima facie case for the State on the question of voluntariness.
3. When, after the State has made out a prima facie case as to the voluntariness of the confession, the accused offers testimony that violence, threats of violence, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the confession was made, or give an adequate reason for the absence of any such witness.
The foregoing rules have been stated in numerous cases.
We strongly emphasize that in every case where the defendant takes the stand after the State has made a prima facie case of voluntariness and testifies to any fact which, if true, would tend to show that the confession was not voluntary, the State should offer all the officers who were present when the accused was questioned or give an adequate reason for the absence of any such witness.
It is clear from the above cited cases and others that the trial judge erroneously overruled appellant's motion to suppress. We would hope that all trial judges and all prosecuting attorneys will soon become acquainted with this principle of law that has existed for a number of years and govern themselves accordingly.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.