414 So.2d 446 (1982)
William Truly KELLY
v.
STATE of Mississippi.
No. 53486.
Supreme Court of Mississippi.
June 2, 1982.
Herbert W. Wilson, Robert Harry Walker, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROY NOBLE LEE, Justice, for the Court:
William Truly Kelly was indicted, tried and convicted in the Circuit Court of the First Judicial District, Harrison County, Honorable J. Ruble Griffin, presiding, for kidnapping, and was sentenced to serve a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections. Kelly has appealed here and assigns four (4) errors in the trial below. We address only one assignment of error and reverse.
The evidence reflects that on July 27, 1979, Ms. Rhonda Ann Smith was abducted by the appellant from the Hardy Court Shopping Center in Gulfport, Mississippi, during her lunch break. Through force and threats, the appellant took Ms. Smith on a hectic ride from Harrison County into the State of Louisiana. Near New Orleans, she attempted to jump out of the automobile, appellant grabbed her by the leg and they began to struggle. The car ran into a van vehicle and Ms. Smith was able to escape. The police were notified and approximately two (2) weeks later, appellant was apprehended in Baytown, Texas.
On August 10, 1979, appellant gave a statement to officers of the Baytown Police Department implicating himself in the kidnapping. The statement was taken by Detective James Glenn and appellant's signature was witnessed by Officers Jimmie C. Cook and J.H. Gore.
Did the lower court err in refusing to sustain appellant's motion to suppress the statement made to the Baytown police officers?
The motion to suppress was heard during the trial on the merits in the absence of the jury. Officer James Glenn testified on the hearing that the statement was made to him and that Officers Jimmie C. Cook and J.H. Gore of the Baytown Police Department signed the statement as witnesses to *447 the signature of appellant. After the State rested on the motion, appellant testified that officers struck him with a machine gun, that they threatened him, and promised they would not pursue certain criminal charges against him, if he would sign a statement. He also testified that the signature on the statement was not his and that the instrument he signed was not the one proposed to be introduced in evidence.
After the appellant testified that the statement was not free and voluntary and that it was not the statement signed by him, Officers James Glenn and J.H. Gore testified that the instrument was free and voluntary and that appellant signed it in the presence of Officers James Glenn, J.H. Gore and Jimmie C. Cook. Officer Cook was not present at the hearing, and Detective Glenn gave the following explanation of his absence:
BY MR. NECAISE:
Q. I notice we have a Jimmie C. Cook, who witnessed this signature here. Did he witness the statement or just the signature?
A. He witnessed both of them, sir. The whole, in other words, he witnessed the statement as well as the signature.
Q. Okay. Where is Jimmie C. Cook now?
A. He's on vacation. The last I heard he was on the river in, uh, in Texas with his four children.
Q. All right, sir. Did you try to make an effort, of course, you all was just contacted, I think, Thursday of last week to see if you could be here today, to come from Baytown to testify in this case?
A. I didn't make a sincere effort because I knew he was gone at that time.
Q. All right, sir.
A. I didn't know where to get in touch with him.
Q. You didn't know how to get in touch with him?
A. That's right, where he was at. I've been there and there's not any phone system.
BY THE COURT:
Where is he, Mr. Glenn?
A. New ... . ., I heard he was supposed to go up there with his four children.
BY THE COURT:
All right.
Q. So, there wasn't any way you could get in touch with him?
A. No, sir.
At the conclusion of the hearing on the motion to suppress, the court made the following finding:
I find and determine beyond a reasonable doubt that the Defendant's statement was freely, voluntarily and intelligently made, uh, after he had been properly advised of his rights under the Miranda Warnings. Now, that's a finding by the Court.
However, I don't think the finding is necessary inasmuch as the statement has been denied and so the question now before the Jury would not be whether it was, uh, freely and voluntarily made, but whether it was, in fact, true. That would be the issue.
So, I will hold that it is admissible.
The procedure required to prove the voluntary character of an inculpatory statement has been clearly enunciated since 1966 in Agee v. State, 185 So.2d 671 (Miss. 1966). In Miles v. State, 360 So.2d 1244 (Miss. 1978), Sheriff Paul Barrett interviewed Miles in Tallulah, Louisiana, in the presence of Louisiana Officer Jackie Lott, and Miles admitted his participation in the crime charged and gave a detailed statement about it. Officer Jackie Lott did not testify at the trial. The sheriff stated that Lott was in the State of Arkansas and the district attorney explained to the court that Lott was on vacation in the State of Arkansas and that he would not be available for another ten (10) days or two (2) weeks. Miles' motion to exclude the confessions given by him was overruled. Commenting upon two previous cases on the question, we said:
In Agee v. State, 185 So.2d 671 (Miss. 1966), the Court stated the rule that when a defendant rebuts the presumption *448 of voluntariness of a confession after a witness for the State has testified thereto, all officers present when the confession was made must be introduced, or an adequate reason for their absence must be given.
In Hicks v. State, 355 So.2d 679 (Miss. 1978), one witness to part of the interrogation of the defendant was not present at the trial, and this Court said: "The mere statement by Payne that Hargrove was at the FBI Academy in Washington receiving some training, without more, does not negate his availability as a witness." 355 So.2d at 680.
We are of the opinion that under the facts of this case, the explanation that Officer Lott was on vacation in the State of Arkansas was not a sufficient explanation of his absence, and that the State should not have announced ready for trial until the witness was present. [360 So.2d at 1245-46].
In Scott v. State, 382 So.2d 1091 (Miss. 1980), Deputy Cooley and Deputy Whatley were present when Scott gave an incriminating statement. Scott contended that the statement was not voluntary. Deputy Cooley was one of the two deputies who testified that the statement was free and voluntary and no explanation was given as to why Deputy Whatley did not testify at the suppression hearing. The motion to suppress the statement was overruled and, in reversing and remanding the case for a new trial, we said:
It is clear from the above cited cases and others that the trial judge erroneously overruled appellant's motion to suppress. We would hope that all trial judges and all prosecuting attorneys will soon become acquainted with this principle of law that has existed for a number of years and govern themselves accordingly. [382 So.2d at 1093].
The excuse and explanation that a vital witness on the voluntariness of the statement is on vacation do not constitute an adequate or sufficient reason for his absence. The principle requiring that all persons present at the taking of a confession must testify,[1] when its free and voluntary character is in question, is basic and vital to Mississippi law and procedure. We again emphasize to prosecuting attorneys that they must have such witnesses present when motions to suppress confessions are made and that trial judges must not proceed with hearing such motions until all those witnesses are available. Otherwise, proceeding to trial when the voluntary character of the confession is questioned, is a waste of time, fruitless, in vain, and an expense to the county and state.
The State contends that the violation of Agee, supra, is a technical one, and, while recognizing the principle stated in Lee v. State, infra, cites Watson v. State, 267 So.2d 904 (Miss. 1972), wherein Watson claimed the statement made by him was involuntary and then denied making the statement. In Watson, the Court said:
While it is true that the appellant strongly intimates that he was coerced by the presence of this policeman on the day of the alleged oral confession, the fact nevertheless remains that the appellant categorically denied making any confession whatsoever. This can be found on pages 230 and 333 of the record. This, of course, resolves the issue of whether or not the appellant freely and voluntarily confessed his participation in the robbery of the bank of Beaumont. [267 So.2d at 905].
This Court erred in the above statement and decision. The United States Supreme Court previously answered this question in Lee v. Mississippi, 332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330 (1947). There, the Mississippi Supreme Court said a defendant could not rely upon the defense that a statement resulted from duress, coercion, and hope or promise of reward, and then deny having made such statement. The United States Supreme Court said: "Inconsistent testimony as to the confession should not and cannot preclude the accused from raising the due process issue in an appropriate manner... ." [332 U.S. at 745, 68 S.Ct. at 301].
*449 On remand, the Mississippi Supreme Court conformed its opinion in Lee with that decision in the following words:
As will appear from our opinion rendered on the suggestion of error herein ([Lee v. State] 201 Miss. 423, 30 So.(2d) 74, 75) "if the accused had not denied having made any confession at all, we would feel constrained to reverse the conviction herein because of the fact that" his confession was not freely and voluntarily made. But we were of the opinion that having denied making the confession he could not at the same time contend that it was made under the inducement of fear. The Supreme Court of the United States in reversing our judgment affirming this case, held that we were wrong in this and that the appellant's denial of having made the confession does not bar him from objecting to its introduction in evidence on the ground that it was not free and voluntary. Therefore, in obedience to the judgment of that Court rendered herein and its mandate thereon the judgment of the court below will be reversed and the cause remanded to it for further proceedings not inconsistent with this opinion.
So ordered. [Lee v. State, 203 Miss. 264 at 264-265, 34 So.2d 736 at 736].
The question was presented to this Court again in Murphy v. State, 336 So.2d 213 (Miss. 1976), and we said:
Defendant denied that she made an oral statement but this did not preclude her from maintaining that the statement was not made voluntarily. Lee v. State, 201 Miss. 423, 29 So.2d 211 (1947) cert. granted and case reversed, 332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330 (1947), conformed 203 Miss. 264, 34 So.2d 736 (1948). [336 So.2d at 214].
No authority was cited for the ruling in Watson v. State, supra, and no reference was made to the Watson case in Murphy v. State, supra. We now hold that Watson was erroneously decided, and that case is now overruled insofar as it conflicts with Lee v. State and Murphy v. State, supra.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
NOTES
[1] Unless a reasonable and adequate explanation is made.