425 So.2d 1356 (1983)
David Paul PEDEN
v.
STATE of Mississippi.
No. 53563.
Supreme Court of Mississippi.
February 2, 1983.
*1357 Binder, Kirksey & DeLaughter, Alvin M. Binder, William B. Kirksey, Jackson, John E. Gregg, Raymond, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and PRATHER, JJ.
PATTERSON, Chief Justice, for the Court:
David Paul Peden was convicted in the Circuit Court of the Second Judicial District of Hinds County of arson and shooting into an occupied dwelling. He was sentenced to serve five years for the arson conviction, with three years suspended, and one year for shooting into the dwelling which was to run concurrent with the arson sentence.
Although Peden was separately indicted on the two charges, the two were consolidated for trial. The first issue presented is whether the trial court erred in denying Peden's motion for a directed verdict at the close of the state's case on the indictment charging him with shooting into an occupied dwelling. We are of the opinion this assignment is without merit because Peden presented evidence in his own behalf following the overruling of his motion for a directed verdict and failed to renew this motion at the conclusion of all the evidence by requesting a peremptory instruction of not guilty or by moving for a judgment notwithstanding the verdict thereby waiving any error in the denial of the motion for a directed verdict. Harris v. State, 413 So.2d 1016 (Miss. 1982); State v. Russell, 358 So.2d 409 (Miss. 1978).
Peden's second contention for reversal is that the trial court erred in permitting testimony of an alleged confession into evidence for the reason that it was not shown to be voluntarily given or that Peden understood the Miranda warning prior to making the confession.
Without detailing the evidence concerning the Miranda warning, we think we need only say that there was ample evidence to support the trial court's finding that the warning was given and was understood. It is necessary however, that the pertinent facts concerning the alleged confession be related.
On the evening of November 24, 1980, at about 9:00 o'clock p.m., Tom Black returned to his home from his employment and found that someone had attempted to break in through the front door. After opening the door and entering his home, he heard a gun shot ring out whereupon he called the Hinds County Sheriff's Department. Officer Sylvester arrived at Black's home about fifteen minutes later and encountered Peden, a stranger to Black, who had arrived on the premises shortly after the gun was fired, stating that he was there looking for some dogs.
An investigation by Officer Sylvester revealed a shot had been fired into a bedroom of the house and a projectile had gone through the house and was lodged in the back wall. The investigation also revealed that an area around a back window, which smelled of diesel fuel, had recently been on fire. Officer Sylvester observed that Peden, who was still on the premises, smelled of diesel and had mud and soot on his hands. Shortly thereafter Officer Bryant arrived and because of Peden's appearance, the presence of a jug of diesel fuel and a high powered rifle, which had been recently fired, in Peden's truck, he was arrested and taken to the Hinds County Sheriff's office. While enroute Peden was given the Miranda warning by Bryant.
During the trial Officer Sylvester attempted to give testimony of an alleged oral confession given by Peden after questioning at the sheriff's office. An objection was interposed to it based upon the grounds that it was not freely and voluntarily given and that Peden was not advised of his constitutional rights pursuant to Miranda. A suppression hearing was then conducted outside the presence of the jury.
*1358 Officers Sylvester and Bryant were the only witnesses for the state. According to Bryant Peden confessed in the lounge of the sheriff's office approximately 30 to 45 minutes after he had been brought there. Bryant testified he left Officer Sylvester with Peden for approximately twenty minutes, following which he was requested to return to the lounge because Peden had agreed to tell them of his involvement in the arson.
Bryant testified in part as follows:
"BY MR. PETERS:

* * * * * *
Q. At any time when you and Deputy Sylvester were present, did anyone else come into the room to make any form of interrogation or get involved in the investigation?
A. There was Officer Bullock of the Clinton Police Department that had been there earlier but during the statement, I don't believe, to the best of my recollection, that he came into the room during the statement.
Q. So you and Officer Sylvester would have been the only two people there during the taking of this statement?
A. Right."
Officer Sylvester was not questioned as to whether any other officers were present in the lounge when Peden was questioned or when he was alleged to have confessed.
Peden testified on the suppression hearing in part as follows:
"DIRECT EXAMINATION BY MR. GREGG:

* * * * * *
Q. Were there other officers present at any time when you talked to him?
A. There was.
Q. Do you know who they were?
A. Well, the only other one besides the Captain that I knew was Mister Sylvester and it was another officer in the room there, too.
Q. There was another officer?
A. There was.
Q. When you say that these three were present, where did that take place?
A. That was in the lounge down there.
Q. You say down there. Down there where?
A. At the County Sheriff's Office.
Q. Who was doing most of the talking?
A. Well, it was Mister Sylvester doing the majority of the talking.
Q. Did Mr. Sylvester tell you he would do anything for you?
A. He did, sir.
Q. What did he tell you?
A. He told me if I would tell him what happened, he would help me out... ."
As noted Officer Sylvester was not asked whether any other officers were present when Peden was questioned. Neither he, Bryant or Bullock, the officer mentioned by Bryant as being present, were recalled to rebut Peden's testimony concerning Bullock's presence when he was questioned.
Following the dictates of Agee v. State, 185 So.2d 671 (Miss. 1966), and its progeny we are of the opinion that after Peden put in issue the question of involuntariness, it was incumbent upon the state to call as witnesses all officers present when Peden purportedly confessed, or, give an adequate reason for their absence. Agee provides in pertinent part as follows:
The State has the burden of proving the voluntariness of a confession. This burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness. Lee v. State, 236 Miss. 716, 112 So.2d 254 (1959). When objection is made to the introduction of the confession, the accused is entitled to a preliminary hearing on the question of the admissibility of the confession. This hearing is conducted in the absence of the jury. Lee v. State, supra, is also authority for the proposition that when, *1359 after the State has made out a prima facie case as to the voluntariness of the confession, the accused offers testimony that violence, threats of violence, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the the confession was signed, or give an adequate reason for the absence of any such witness. See also Holmes v. State, 211 Miss. 436, 51 So.2d 755 (1951).
185 So.2d at 673.
See also Kelly v. State, 414 So.2d 446 (Miss. 1982); Smith v. State, 386 So.2d 1117 (Miss. 1980); Scott v. State, 382 So.2d 1091 (Miss. 1980); Craft v. State, 380 So.2d 251 (Miss. 1980); Abston v. State, 361 So.2d 1384 (Miss. 1978); Miles v. State, 360 So.2d 1244 (Miss. 1978); Hicks v. State, 355 So.2d 679 (Miss. 1978); Holt v. State, 348 So.2d 434 (Miss. 1977); Rogers v. State, 338 So.2d 1005 (Miss. 1976); Dickens v. State, 311 So.2d 650 (Miss. 1975); McNeil v. State, 308 So.2d 236 (Miss. 1975); Younger v. State, 301 So.2d 300 (Miss. 1974); Nabors v. State, 293 So.2d 336 (Miss. 1974); Evans v. State, 285 So.2d 786 (Miss. 1973); Reid v. State, 266 So.2d 21 (Miss. 1972); Myers v. State, 254 So.2d 891 (Miss. 1971); Rowell v. State, 239 So.2d 917 (Miss. 1970); Stevens v. State, 228 So.2d 888 (Miss. 1969); Williams v. State, 220 So.2d 325 (Miss. 1969).
No rebuttal testimony having been given for the absence of the third officer, Bullock, as testified to by Peden, we are of the opinion Officer Bryant's testimony, that Bullock was not present at the time of the statement, does not negate the application of Agee, which includes the period of questioning within its ambit. See Scott v. State, 382 So.2d 1091 (Miss. 1980); and Hicks v. State, 355 So.2d 679 (Miss. 1978). To comply with the numerous cases on this subject the state should have called all three officers present when Peden was questioned and the alleged confession given. If adequate reason existed for any of the officers absence at trial, then one of the other officers should have been called on rebuttal to clarify the presence or absence of Bullock, who the evidence established, was present during at least a portion of the interrogation. It need be stated that although the third officer, Bullock, was never called as a witness Officer Sylvester gave testimony during the trial-in-chief that only he and Bryant were present when the confession was given. This testimony came too late to cure the error mentioned above in the suppression hearing. See Depreo v. State, 407 So.2d 102 (Miss. 1981); Abston v. State, 361 So.2d 1384 (Miss. 1978); and Agee v. State, 185 So.2d 671 (Miss. 1966).
Although the oral confession in issue included only an admission of the arson charge and did not mention the charge of firing into an occupied dwelling house, we nevertheless are of the opinion that the case must be reversed on both charges. The confession, improperly permitted into evidence, very probably prejudiced the jury on both charges inasmuch as it placed the defendant on or near the premises when the shot was fired and as such portrayed him as an arsonist by virtue of the inadmissible evidence.
REVERSED AND REMANDED.
WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.