495 So.2d 1352 (1986)
Kenneth Ray GRIFFIN
v.
STATE of Mississippi.
No. 56390.
Supreme Court of Mississippi.
October 8, 1986.
*1353 Roy Noble Lee, Jr., Lee & Lee, Forest, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and GRIFFIN, JJ.
WALKER, Chief Justice for the Court:
This case is appealed from the Circuit Court of Scott County, where Kenneth Ray Griffin was indicted for murder, convicted of manslaughter and sentenced to twelve (12) years in the Mississippi State Penitentiary.
On Thanksgiving Day, November 22, 1984, Griffin, along with Oliver Hopper and Deborah Nichols, drove from Jackson to Meridian for Thanksgiving dinner. On the way back they stopped in Forest at the home of Peggy Slaughter who is Griffin's sister. During the day Griffin drank some whiskey and beer. Hopper and Nichols smoked marijuana.
The only person at Slaughter's home when the trio arrived between 9:00 and 10:00 p.m. was James Brent. Griffin, Hopper, Nichols, Brent and Slaughter were all deaf mutes.
An argument soon developed between Griffin and Hopper. Griffin wanted to have sex with Nichols, and she refused. Hopper told Griffin he should leave Nichols alone. Griffin and Hopper also argued when Griffin repeatedly poured water on a fire Hopper was attempting to start in the bedroom fireplace.
Next, Griffin shoved Hopper, who then shoved Griffin over a table and hit him with a piece of firewood. The two men continued the fight in the adjacent room where there were no witnesses. At one point Griffin walked into the kitchen, picked up a knife, and returned to the room where Hopper was. The altercation continued. Hopper was stabbed in the side with the kitchen knife and later died from the wound. Griffin admits he stabbed Hopper but claims that it was in self-defense.
He argues the two assignments of error discussed below.

I. THE COURT ERRED BY NOT DIRECTING A VERDICT FOR GRIFFIN IN THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Griffin argues that the trial testimony makes out a clear case of self-defense. He points out that Hopper struck him with a piece of firewood and that Hopper was much larger than he was. According to Griffin's testimony, Hopper weighed 225 pounds, and Griffin 146.
The State argues that Griffin is barred from raising the denial of his motion for a directed verdict. A defendant who introduces evidence on his own behalf waives any error in the overruling of his motion for a directed verdict made at the close of the State's evidence. Shavers v. State, 455 So.2d 1299, 1302 (Miss. 1984). However, Griffin also requested a peremptory instruction at the close of all of the evidence; and, assigned that the verdict was against the overwhelming weight of the evidence in his motion for a new trial. Accordingly, the question is properly before this Court. Peden v. State, 425 So.2d 1356 (Miss. 1983); Harris v. State, 413 So.2d 1016 (Miss. 1982).
Focusing on the evidence most favorable to the State, as is required in assessing the case, we find no basis for reversal of the jury's verdict. There was conflicting testimony, and the question of self-defense was presented fairly to the jury as finder of fact.
*1354 James Brent testified that Griffin started the argument with Hopper by throwing water on the fire. After Griffin went into the bathroom where the fuse box was, the lights went out. Oliver then hit Griffin on the shoulder with a piece of wood. Brent testified that Griffin went and got a knife from the kitchen. Brent saw Hopper hit the appellant with the wood only once and did not see what happened after the two men went into the other room.
Deborah Nichols testified that Griffin shoved Hopper first and then Hopper got a log and hit Griffin on the shoulder. In her opinion Griffin started the "fuss". She did not see the fatal blow.
Griffin testified that Hopper pushed him into a table and hit him on the shoulder with a piece of firewood. According to Griffin, Hopper first pushed him and he pushed back. He doesn't remember where he got the knife but contends he picked up the knife because Hopper was hitting him with a piece of wood.
Although there was a difference in size between the two, the testimony does not indicate that Griffin was in apprehension of great bodily harm or of losing his life at the time he used deadly force. The record also establishes that Griffin was the instigator of this argument, with no indication that he withdrew from his position as aggressor.
In Stennis v. State, 234 So.2d 611, 614 (Miss. 1970), the Court stated the following:
Furthermore, we have held that a person may not use more force that reasonably appears necessary to save his life or protect himself from great bodily harm; that where a person repels an assault with a deadly weapon, he acts at his own peril and the question of whether he was justified in using the weapon is for determination by a jury unless there is no reasonable inference in the evidence except that the use of the deadly weapon appeared necessary to protect the person from death or great bodily harm at the hands of his assailant. Blackwell v. State, 44 So.2d 409 (Miss. 1950); Howard v. State, 18 So.2d 148 (Miss. 1944); Bangren v. State, 196 Miss. 887, 17 So.2d 599 (1944).
In Evans v. State, 44 Miss. 762, 773 (1871) this Court said:
[T]he law tolerates no justification, and accepts no excuse for the destruction of human life, on the plea of self-defense, except that the death of the adversary was necessary, or apparently so, to save his own life, or his person from great bodily injury, and there shall be imminent danger of such design being accomplished. The danger to life, or of great personal injury, must be imminent, present at the time of the killing, real or apparent, and so urgent that there is no reasonable mode of escape except to take life. When we use the term "apparent"  apparent "danger"  we mean such overt, actual demonstration, by conduct and acts of a design to take life, or do some great personal injury, as would make the killing apparently necessary to selfpreservation.
The testimony clearly raised an issue to be resolved by the jury. The jury is the sole judge of the credibility of witnesses and the weight and worth given to their testimony. Gathright v. State, 380 So.2d 1276 (Miss. 1980). Moreover, one who leaves an altercation, arms himself, and returns with the intent to and does use his weapon on the other party cannot claim self-defense. Cooley v. State, 391 So.2d 614 (Miss. 1980).
The conviction of manslaughter was not against the weight of the evidence.

II. THE CIRCUIT COURT ERRED IN REFUSING GRIFFIN'S MOTION FOR PEREMPTORY INSTRUCTION AND FURTHER BY THE COURT'S REFUSAL TO GRANT GRIFFIN'S INSTRUCTION D-26, BEING THE WEATHERSBY RULE INSTRUCTION.
The first part of Griffin's second argument has been disposed of under the first assignment and does not warrant further discussion. Suffice it to say the court was not in error in refusing Griffin's motion for a peremptory instruction.
*1355 The Defense Instruction D-26, which was refused, reads as follows:
The court instructs the jury, if you believe from the evidence at the actual time of the stabbing of Oliver Hopper, that the defendant or his witnesses were the only witnesses to such occurrence, then their testimony and version of the occurrence must be accepted as true unless substantially contradicted in material particulars by credible witnesses, physical facts or facts commonly known.
The jury instruction is based on Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). In that case this Court held that the defendant was entitled to a peremptory instruction in a homicide case on the grounds of self-defense.
We have heretofore pointed out the Weathersby Rule is not the proper subject of an instruction to the jury. Sartain v. State, 311 So.2d 343 (Miss. 1975); Null v. State, 311 So.2d 654 (Miss. 1975). It is a rule of law to be applied by the Court and is not a question of fact to be submitted to the jury.
The conviction is affirmed.
AFFIRMED.
HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ROY NOBLE LEE, P.J., not participating.